(December 21, 1899.)

## KING v. CO-OPERATIVE SAVINGS AND LOAN ASSOCIATION OF SIOUX FALLS, SOUTH DAKOTA.

### [59 Pac. 557.]

ESTOPPEL—FORMER ADJUDICATION.—Parties to a judgment, which has been reversed or set aside or annulled in a proper proceeding are precluded from again litigating the same cause of action determined by such judgment. K., a junior mortgagee, sued his mortgagor and the senior mortgagee to have his mortgage lien adjudged prior to that of the senior mortgagee, alleging specific acts of fraud on the part of the senior mortgagee, by which he was induced to accept his junior mortgage; the cause was determined adverse to K. and in favor of the senior mortgagee; afterward K. commenced an action to have a deed, which he had executed to the senior mortgagee, and which was in fact the consideration for K's mortgage, annulled on the ground of fraud in the procurement thereof, alleging the same facts alleged in the former suit. *Held,* that he was estopped by the former adjudication.

(Syllabus by the court.)

APPEAL from District Court, Bannock County.

S. C. Winters, for Appellant.

The only right of a second mortgagee is the right of redemption, and he must either pay or tender the amount due or he will not be heard to complain in a court of equity. (2 Jones on Mortgages, 2d ed., sec. 1431; *McKennan v. Neff,* 43 Ind. 503; *McConkey v. Laub,* 71 Iowa, 636, 33 N. W. 146.)    The court failed to find on one of the most important facts in the case—that is, the fact as to whether or not there was a former adjudication of the issues in this case, and the court should have found on that issue as the issues in the case of *W. H. King v. W. A. Boyce,* and this appellant, and decided on the sixteenth day of August, 1898, are identical with the issues in this case, and the judgment in that case is a bar to this action.    (*Wolverton v. Baker,* 86 Cal. 591, 25 Pac. 54; *Shepard v. Stockham,* 45 Kan. 244, 25 Pac. 559.)    It was the duty of the respondent to tender to the appellant the amount actually due on the mortgage before the redemption time had expired, and if he failed to do this he has no one to blame but himself.    He says that he was perfectly able to redeem the property—was worth enough to protect his interests, had he seen fit to protect himself.    (*McConkey v. Laub,* 71 Iowa, 636, 33 N. W. 146; *Hoover v. Johnson,* 47 Minn. 434, 50 N. W. 475; *German Nat. Bank v. Barham,* 57 Ark. 533, 22 S. W. 95; *Wood v. Holland,* 57 Ark. 198, 21 S. W. 223.)

W. T. Reeves, for Respondent.

It is now urged that the court should have found on all the issues in the cause, and that all the matters in issue had been formerly adjudicated.    This objection is raised for the first time in appellant's brief, and the two cases cited from 25 Pac. by counsel do not touch this point.    We contend that if counsel desired a finding on this point it was his duty to have made a request for the court to make a finding on the fact he so desired.    (*Wilson v. Wilson,* 64 Cal. 94, 27 Pac. 861; *Touchard v. Crow,* 20 Cal. 163; *Edgar v. Stevenson,* 70 Cal. 287, 11 Pac. 704; *Noland v. Bull,* 24 Or. 479, 33 Pac. 983; *Hicklin v. McClear,* 18 Or. 126, 22 Pac. 1061.)

QUARLES, J.—This suit was commenced by the respondent to obtain a judgment decreeing cancellation of a certain quitclaim deed made by the respondent to the appellant November 16, 1895, conveying lots 17 and 18, block 489, in the city of Pocatello. The complaint is quite lengthy. We summarize the allegations of the complaint necessary to be noticed as follows: That in August, 1892, appellant loaned J. B. Green and wife a certain sum of money, and took a mortgage from them upon said described lots; that Green's wife did not acknowledge the mortgage, which was therefore void; that February 12, 1894, said lots were sold for delinquent taxes for the preceding year, and purchased at tax sale by the respondent, who, after the time for redemption had expired, received a tax deed to said lots from the assessor and collector; that at said time respondent purchased at delinquent sale lots 11, 12, 13, and 14, in block 259, said city, the last four lots being sold for the 1893 taxes of W. A. Boyce, the then owner of said lots; that prior to said sale W. A. Boyce and wife had mortgaged said four lots to appellant to secure $1,000, borrowed money; that in January, 1895, appellant represented to respondent that there was only $750 due on its said mortgage, and induced respondent to take a second mortgage on said Boyce lots for the sum of $400, the amount of taxes and penalties due on both the Green and Boyce properties; that at said time there was due on appellant's mortgage on the Boyce property at least $1,400; that appellant informed respondent that, if he would deed to it the Green property, such respondent would protect him fully against loss, whereupon respondent made a quitclaim deed to appellant conveying to it said Green property; that said deed was without consideration; that on March 25, 1897, the appellant commenced an action to foreclose its said mortgage upon the Boyce lots, obtained judgment, had it sold, and purchased it for $1,688.50; that respondent's mortgage had been defeated, and that Boyce and wife are insolvent; that appellant failed and still fails and refuses to hold respondent harmless and prevent the loss of his claim; that respondent "discovered a fraud had been practiced on him in January, 1897," and that he immediately began an action to foreclose said mortgage against said Boyce and wife

and the appellant; and that his lien on said property was defeated at the instance of the appellant. The complaint closed with a prayer asking the cancellation of said quitclaim deed. To the complaint the appellant demurred for the reasons: 1. That the complaint did not state a cause of action; 2. That it was uncertain, in that it did not show how or in what manner the appellant defeated respondent's mortgage. The demurrer was overruled on both grounds, and the appellant answered, denied the material averments of the complaint, and pleaded matters in estoppel by way of former adjudication between the parties about the same cause of action. The cause was tried by the court, which found the material facts alleged in the complaint to be true, making formal special findings of fact and conclusions of law, and rendered a decree in favor of the respondent, annulling and canceling the quitclaim deed to the Green property made by respondent. The appellant proposed a bill of exceptions, into which is incorporated all of the evidence introduced at the trial, numerous rulings of the court, and specifications as to wherein the evidence does not support the decision of the court, which bill of exceptions was duly settled, filed, and became a part of the judgment-roll. This appeal is upon the judgment-roll.

Numerous errors are assigned by appellant touching the action of the lower court in overruling the demurrer, in admitting evidence, and in making findings of fact and rendering judgment in favor of the respondent. While the complaint is faulty in some respects, we deem it necessary to consider only one question—that relating to the defense of estoppel set up in the answer. To sustain this defense the appellant introduced the judgment-roll in an action commenced by the respondent (plaintiff in this action), as plaintiff, against the said Boyce and wife and the appellant here, as defendants, to foreclose the said $400 mortgage executed by said Boyce and wife to the respondent here, and to·have the lien of said mortgage adjudged superior to that of the said mortgage executed by Boyce and wife to the appellant, which action was based upon the same facts as the one at bar, and in which action judgment was rendered August 16, 1898, in favor of the appellant and against respondent. The

complaint in said former action alleged that the appellant agreed to reduce its said mortgage to $750, while in this action the complaint alleges that the appellant represented to the respondent its mortgage amounted to only $750, and that appellant would protect the respondent fully against loss. This and the difference in the relief demanded is practically the only difference between the two complaints.

In the former suit the court made the following findings of fact, to wit: "1. That the defendant the Co-operative Savings and Loan Association is, and was at all the times herein mentioned, a corporation organized and existing under and by virtue of the laws of the state of South Dakota. 2. That on the —— day of September, 1892, for a valuable consideration, the defendants W. A. Boyce and Veronica Boyce, his wife, made, executed, and delivered to the said Co-operative Savings and Loan Association their certain mortgage for one thousand dollars upon lots 11, 12, 13, and 14 in block 295 of the townsite of the city of Pocatello, Bannock county, Idaho. 3. That on the eighteenth day of January, 1895, for a valuable consideration, the said defendants W. A. Boyce and Veronica Boyce made, executed, and delivered to plaintiff, W. H. King, their certain mortgage for $400 upon the same property as mentioned in finding No. 2. That the consideration for said mortgage was taxes paid by said plaintiff to the county of Bannock for the delinquent taxes for the years 1893 and 1894 upon the said property, and lots 17 and 18 in block —— of the said city of Pocatello, and known as the 'Green property,' the said plaintiff being the purchaser of the said property, and the whole thereof, at the tax sale for the delinquent taxes for the year 1893; and the said mortgage was given for the redemption of all of the said property from the said tax sale. 4. That at the time of the accepting of the said mortgage of Boyce and wife to plaintiff, by plaintiff, the said plaintiff had actual and constructive knowledge of the mortgage to the Co-operative Savings and Loan Association, mentioned in finding No. 2. 5. That on the third day of April, 1897, the said defendant the Co-operative Savings and Loan Association commenced an action in this court for the foreclosure of their said mortgage, making W. A. Boyce and Veronica Boyce and

the plaintiff, W. H. King, parties defendant in said action, and that on or about the third day of April, 1897, the attorney for the said Co-operative Savings and Loan Association served the said attorney for the plaintiff, W. T. Reeves, who, defendant advised said S. C. Winters, was defendant's attorney herein, with a copy of the complaint in said action of foreclosure, which said complaint the said attorney for the plaintiff herein agreed to answer; that on the eighteenth day of May, 1897, the plaintiff herein, W. H. King, having failed to answer the said complaint, on motion of the attorney for the Co-operative Savings and Loan Association the said W. H. King was dismissed from said action, and a decree was duly entered in said action against W. A. Boyce and Veronica Boyce, and for the sale of the said lots 11, 12, 13, and 14 in block 295, as set out in finding No. 2. 6. That by virtue of said decree the sheriff of Bannock county on the eighth day of July, 1897, sold the said property at sheriff's sale, and the said Co-operative Savings and Loan Association became the purchaser thereof for the sum of $1,700, and received the sheriff's certificate of sale therefor; that on the eleventh day of January, 1898, the said property not having been redeemed, and the time for the redemption thereof having expired, the said sheriff of Bannock county made, executed, and delivered to the said Co-operative Savings and Loan Association his deed for the same and the whole thereof, being the amount of the said decree, with costs and accruing costs. 7. That said property so sold was and is worth the sum of $2,500, and that the plaintiff made no attempt to redeem the said property, or any part thereof, nor tendered any redemption thereof. 8. That at the time of the execution of the mortgage to King, mentioned in finding No. 3, one C. J. Johnson, who was then collecting agent for the defendant, the Co-operative Savings and Loan Association, informed the plaintiff, King, that the mortgage of the said Co-operative Savings and Loan Association would be reduced in amount the sum of $400, which was not done by the said Co-operative Savings and Loan Association. 9. That the said C. J. Johnson had no power or authority from the said defendant, the Co-operative Savings and Loan Association, as agent or otherwise, to reduce

the amount of the said mortgage of the said Co-operative Savings and Loan Association in any amount at .all, and that the said acts of the said C. J. Johnson were and are not binding on the said association."

We think that the former adjudication concludes the respondent in this action. It determines the facts and transactions upon which the fraud that he complains of in his action is based against him. Having litigated those facts in the former action, he cannot, by changing the prayer for relief, open up the same controversy, and have the same facts adjudicated again. "The doctrine is well established that a cause of action once finally determined, without appeal, or some proceeding for the annulment of the judgment between the parties on the merits by any competent tribunal, cannot afterward be litigated by a new proceeding either before the same or any other tribunal." (11 Am. & Eng. Ency. of Law, 2d ed., p. 390, and authorities cited in note.) For the foregoing reasons, the judgment is reversed, and the cause remanded to the district court, with instructions to enter judgment in favor of the appellant, dismissing the action. Costs of appeal awarded to the appellant.

Huston, C. J., and Sullivan, J., concur.