(January 19, 1910.)

## NAMPA & MERIDIAN IRRIGATION DISTRICT, Appellant, **v.** G. W. GESS, Respondent.

[106 Pac. 993.]

IRRIGATION AND WATER RIGHTS—CONVEYANCE OF WATER RIGHT—FREE WATER RIGHT.

    1. Where a land owner conveys a tract of land lying under his canal and susceptible of irrigation therefrom, and includes in the conveyance a grant of the "free and perpetual use of water" from the grantor's canal sufficient to irrigate the land conveyed: *held,* that the grant of such free and perpetual water right does not obligate the grantor or his successors or assigns to perpetually bear and pay the expense and cost of maintaining and protecting the canal and the water right and delivering the water to the consumer.

    2. ID.—In such case, the contract conveys a free and unencumbered right and title in and to the waters of the canal, and carries with it an unqualified right to the extent of the quantity of water conveyed in the appropriation itself, and the right to have the water flow through the canal, and the grantor perpetually abandons and foregoes the right to ever thereafter charge, collect or realize any profit or rental for the use of the water conveyed.

(Syllabus by the court.)

APPEAL from the District Court of the Third Judicial District, for the County of Ada. Hon. Fremont Wood, Judge.

Action by plaintiff to collect from the defendant his *pro rata* share of the expense of maintaining the canal from which defendant used water for irrigation purposes for the year 1906. Judgment for defendant, and plaintiff appealed. *Reversed.*

Hugh E. McElroy, for Appellant.

"*Res adjudicata*" means facts directly in issue, and does not embrace facts which may be in controversy but are merely collateral. The question is not simply, were given facts controverted at former trial, but were they in issue? (*Hall v.*

*Susskind,* 109 Cal. 203, 206, 41 Pac. 1012; *King v. Chase,* 15 N. H. 9, 16, 41 Am. Dec. 675; note to Kerr's Cal. Code Civ. Proc., p. 2324, note 45.)

Where several parties are entitled to the use of water from a ditch *without payment therefor,* as an incident to such title an obligation rests upon each of the co-owners to contribute *pro rata* to the maintenance of the canal.  (Long on Water Rights, sec. 75; *Shelby v. Farmers etc. Ditch Co.,* 10 Ida. 723, 80 Pac. 222.)

Cavanah & Blake, for Respondent.

In the case in the United States court the claimant's bill of complaint was dismissed, but it was dismissed upon the merits of the case for the reason that complainant had shown no ground for relief.  There is no question that a dismissal of that character is *res judicata* as to all matters involved. (*Lyon v. Perrin Mfg. Co.,* 125 U. S. 698, 8 Sup. Ct. 1024, 31 L. ed. 839; *Hubbell v. United States,* 171 U. S. 203, 18 Sup. Ct. 828, 43 L. ed. 136; *Stewart v. Ashtabula,* 107 Fed. 857, 47 C. C. A. 21; *Brown v. Kirkbride,* 19 Kan. 588; *Lewis v. Lewis,* 106 Mass. 309; *Schulmeister v. Blendon Tp.,* 126 Mich. 488, 86 N. W. 237; *Neafie v. Neafie,* 7 Johns. Ch. (N. Y.) 1, 11 Am. Dec. 380.)

The precise question now before this court has been passed upon in the case of *Knowles v. New Sweden Irr. Dist.,* 16 Ida. 217, 101 Pac. 81, and this court held that "When it [the district] purchased this canal system it purchased it subject to, and burdened with, the rights and equities of appellant's grantor."

AILSHIE, J.—This action was instituted by the owner of what is commonly known as the "Ridenbaugh Canal" against the defendant as the owner of an interest and right in and to the waters of the canal to the extent of 500 inches, for the purpose of recovering the sum of $500, as the defendant's *pro rata* share of the costs and expense of maintaining the canal for the year 1906.

The complaint alleges in substance that the plaintiff and defendant are co-owners in the canal, water and water right, and that the expense of maintaining, caring for, and operating the canal and delivering water for the year 1906 amounted to $20,941.25, and that defendant has neglected, failed, and refused to pay his share of this expense, and that his just share and portion thereof is $500. Defendant answered and admitted his failure to contribute, and set up the defense that he was entitled to his share of water from the canal, free of any and all charge whatever. The case was tried to the court without a jury, and judgment was entered in favor of the defendant. Plaintiff moved for a new trial, and its motion was denied, and it appealed from the judgment and order denying the motion.

There is only one question to be decided in this case, and that is a matter of law rather than fact. The defendant pleaded, and it is admitted by the plaintiff that his predecessor in interest, Alexander Rossi, about the month of October, 1877, purchased from plaintiff's predecessor in interest, William B. Morris, 640 acres of land, together with a grant for "a free and perpetual water right to irrigate said section" of land, and that thereafter, and in December, 1879, William H. Ridenbaugh and Lavinia T. Morris, the sole devisees of William B. Morris, conveyed and transferred by warranty deed the said land described as the "South ½ of sec. 4, and the north ½ of sec. 9, township 3 N., range 1 E., Boise meridian, containing 640 acres, together with all and singular the tenements, etc. . . . . . Also as an appurtenance thereunto belonging the free and perpetual use of the water known as the South Boise canal, for the purpose of irrigating said section of land, and for the purpose of irrigation only." It is conceded by the plaintiff that the defendant owns an interest in the canal and water right to the extent of 500 inches for use in irrigating his land, and it is also conceded and admitted that the plaintiff has no right to charge defendant water rental for such use. The only point in dispute or controversy here is the construction to be placed on this conveyance and the determination as to whether or not

the "free and perpetual use of the water for the purpose of irrigating said section of land" means that the canal shall be kept up and maintained by the grantors, and their assigns, and the water delivered to the defendant free of maintenance charge and actual cost of delivery, or whether it simply means that the defendant is the unqualified and absolute owner of a water right in the canal to the extent of the amount (conceded to be 500 inches) necessary for the irrigation of defendant's land without promise or covenant on the part of the grantor to perpetually keep the canal in repair and deliver the water to the owner of the land.

When A conveys a tract of land to B by deed of warranty and covenant against encumbrances and all claims and demands of every person whomsoever, it is never meant or understood that the grantor agrees to perpetually pay the taxes or liens and assessments that may be made against the property, nor does he agree to keep the property in repair. Or where A grants to B a free and unqualified right and easement in and to a private road or way across his lands, A does not thereby agree to perpetually maintain the road and keep it in repair, or to make the maintenance and repair of the road a perpetual lien and charge on his farm.

In this case Ridenbaugh conveyed to Rossi the tract of land together with a free and perpetual water right for the irrigation of the land conveyed. This was a contract and agreement never to charge Rossi, or his heirs or assigns, rates or rentals for the use of the water necessary for the irrigation of the land conveyed. There is a total absence, however, of any agreement or covenant on the part of the grantor to bear the expense of keeping the canal in repair and of protecting the water right and delivering the water to the grantee. The grantor might have sold like rights to other purchasers until the entire appropriation and capacity of the canal was exhausted, so that the grantor would be left without any further interest in the canal or water right. In such event he would no longer be interested in keeping up the canal or delivering the water, and yet if all the purchasers should construe their conveyances the same as the respondent here con-

strues his deed, there would be no one to keep the canal in repair and bear the expense of maintenance and delivery of water. On the other hand, we have no doubt but that Rossi acquired his right and interest in the appropriation of the volume of water from the Boise river which was carried through the Ridenbaugh canal, and that he might, at any time the majority owners of the canal failed or neglected to protect the appropriation and keep the canal in repair, go himself upon the property, protect the appropriation, and maintain the diversion and carry the water through the canal to the extent of the quantity necessary for the irrigation of his tract of land. In such case, however, the actual expense of maintenance and delivery to the extent of his use would fall upon him, but he would be liable to no one for water rentals.

We do not think this contract and deed of conveyance will bear the reasonable construction that the grantors are bound to bear all the cost and expense of keeping up the canal, protecting the property, and delivering the water. It is merely a contract and covenant that the grantee and his successors and assigns shall never be charged water rentals for the use of the water necessary for this tract, and that the grantors should never thereafter profit from the use and application of this quantity of water. It is contended by respondent that this conveyance was in the nature of a lien and encumbrance upon the remainder of the appropriation and volume of water carried by the canal and on the canal itself, and that such lien and encumbrance follows the property perpetually and charges the owner or owners of the remaining interest with the perpetual duty and obligation of keeping the property up, protecting the appropriation and the delivery of water to the respondent, his successors and assigns, free of all expenses and charges for maintenance and delivery. This view of the contract and obligation would impress the property with such an overwhelming and unconscionable burden throughout all time, and would prove so oppressive to other land owners and water consumers, that the terms of a contract declaring such an intention would have to be exceedingly plain

and unambiguous before a court would be justified in giving it such a construction.

Appellant has called our attention to the opinion of the United States circuit court of appeals in the case of *Boise City Irrigation & Land Co. v. Clark*, 131 Fed. 415, 65 C. C. A. 399, in which the court was considering an order of the board of commissioners of Ada county in fixing water rates to be charged by the respondent's predecessor in interest for water furnished from this canal. In considering the question of the reasonableness of the rates fixed, the court passed on the contention made by the ditch company that, in view of the fact it was obliged by contract to furnish a number of consumers free, or practically free, water, it was therefore necessary that the rate be fixed enough higher on other consumers so that the company could realize a fair profit upon the entire investment and for the supplying of water to all its consumers. The court repudiated that position, and held that in establishing water rates the total acreage to be supplied with water should be considered, and that the rate should be established on that basis without regard to any contracts for free water or for supplying water at a less rate than the regularly established rate. The conclusion to be arrived at from the holding of the court on that point would necessarily be, either that the contract was void, or else that, if valid, the ditch owner would have to forego any rents and profits from the use of water from its canal for such free water rights and those rights that were contracted upon a less basis than the regularly established rate. In other words, if a contract of this kind is to be held valid, it must rest upon the assumption that the ditch company originally received a sufficient consideration for the contract to justify it perpetually thereafter abandoning and foregoing the right to realize a profit or rental for the delivery of the quantity of water sold under the contract. Such an assumption is by no means unreasonable or illogical. A canal company at a time of financial need might receive a sufficient consideration for a perpetual water right so that the annual income from such consideration would equal the annual water rates that might

thereafter be established in conformity with law. The company cannot, however, sell and dispose of free water rights, and thereafter claim a sufficient water rate from other consumers to pay it a profit on the free water rights thus disposed of. That is the question specifically determined and passed upon by the federal court in the case above cited.

Counsel for respondent cite the case of *Knowles v. New Sweden Irr. Dist.*, 16 Ida. 217, 101 Pac. 81, as supporting the contention that the property is bound by the contract. That was a case where a ditch company had sold a water right and stipulated that the annual water rate should be the sum of one dollar per acre. The court held that the company and its assigns would be bound by the contract and that the canal company could not raise the rate to the consumer. That case, however, does not touch the point here involved. There the contract was specific and definite as to the annual rate to be charged.

The question as to whether or not the respondent was entitled to a free water right from the canal was previously litigated in the case of *Boise City Irrigation & Land Co. v. Jane E. Turner et al.*, in the circuit court of the United States for the ninth circuit, district of Idaho, central division, and it was there held that the respondent in this case was entitled to a free, perpetual water right for the use of his land. The question here involved, however, was not considered or litigated in that case, and it cannot be said that the judgment in that case is *res adjudicata* as to the question here presented, namely, that the respondent is entitled to have the water delivered to him free of charge for maintenance, delivery, etc.

Judgment *reversed* and cause remanded, with direction to the trial court to make findings and enter judgment in accordance with the views herein expressed. Costs awarded to appellant.

Sullivan, C. J., and Stewart, J., concur.