(November 7, 1913.)

## RIVERSIDE IRRIGATION DISTRICT, a Corporation, Respondent, v. W. A. BLACK, Appellant.

[136 Pac. 611.]

SUFFICIENCY OF EVIDENCE.
1. Evidence examined in this case, and *held* sufficient to support the findings and judgment.

APPEAL from the District Court of the Seventh Judicial District for Canyon County. Hon. Ed. L. Bryan, Judge.

Action for debt. Judgment for plaintiff. Defendant appealed. *Affirmed.*

Griffiths & Griffiths, for Appellant.

A contract of this character is binding on the parties; and if it is binding on one party, it must certainly be binding on both parties. When defendant was precluded from having any say in determining the policy of the owner of the canal, by this agreement of his predecessor, then plaintiff was certainly precluded by that same agreement from extending defendant's liability to any other ditch or to the enlargement of this ditch. (*Knowles v. New Sweden Irr. Dist.*, 16 Ida. 217, 101 Pac. 81.)

The parties here have specified a certain portion of the actual cost of maintaining a specified part of the canal. Now, plaintiff can no more change the portion of the ditch specified than the amount specified per acre to be paid. Neither can plaintiff include items which are not included in the agreement. And the items cannot be increased indirectly by adopting a certain policy for the ditch owner as to the operation of the ditch, if they cannot be increased directly. (*Nampa & Meridian Irr. Dist. v. Gess*, 17 Ida. 552, 106 Pac. 993; Long on Irrigation, sec. 132, and notes.)

Thompson & Buckner, for Respondent.

The plaintiff has purchased the rights of way, extended the ditch and expended large sums of money in constructing and enlarging the canal, and all the plaintiff has asked of the defendant is to bear his share of the cost of the maintenance and operation of the canal system from the point of original diversion to the point where his water is taken out of the ditch. The defendant wants the benefit and denies his share of the obligation incurred in securing the benefit.

There is no limitation in the reservation in the contract as to the exact amount of expenses that grantor agrees to pay, but he agrees to pay his proportionate share of keeping said ditch and headgates in good repair between the point of original diversion of all the said water and the point where the one thousand inches reserved is taken out of said ditch, whatever that amount may prove to be. (*Nampa & Meridian Irr. Dist. v. Gess*, 17 Ida. 552, 106 Pac. 993; *Idaho F. L. Co. v. Great Western B. S. Co.*, 18 Ida. 1, 107 Pac. 989.)

AILSHIE, C. J.—This action was prosecuted by the Riverside Irrigation District against the appellant for the recovery of a share of the costs and expense of maintenance and operation of a portion of the irrigation company's canal. The appellant admitted that it was his duty to pay a portion of the costs and expenses of maintenance and operation but denied that he was under any obligation to pay a share of the entire cost for which this action is prosecuted. There is no substantial difference between the parties as to the facts.

It appears that Judson Spofford in the year 1892 sold to the Boise Land & Water Co. a water right and ditch for the consideration of one dollar, and the assumption by the land and water company of a mortgage of $6,000. The number of inches of water conveyed was 5,000, and the grantor Spofford expressly reserved to himself and his grantees, successors, and assigns a water right of 1,000 inches to be carried through this ditch or canal. The reservation contained in the Spofford grant is as follows:

"The grantor herein reserving and excepting from this conveyance 1,000 inches of water out of the original 6,000 located, as hereinbefore described, and also reserving the right to convey the same through the ditch hereinbefore described, to be taken out of said ditch above east line of sec. 15, township 4 north, of range 4 west. The grantor herein and his assigns, by reason of such reservation, and as a consideration therefor, agrees that such reservation shall be subject to its proportionate share of keeping said ditch, and the headgate in good repair, between the point of original diversion of all the said water and the point where such 1,000 inches of water is taken out of said ditch. Such reservation, however, gives to the grantor no rights or privileges in or about said ditch, or its control or management, except the permissive right to have such water conveyed through said ditch.''

The appellant in this action is the grantee and successor of the interest reserved by the Spofford conveyance to the extent of 600 inches. During the years 1907, 1908 and 1909, it became necessary for the irrigation company to straighten and repair the ditch and to repair the headgate and dam at the point of diversion. In order to accomplish this work to the best advantage and most profitably to the district, it was decided to seek a better point of diversion and construct a dam and headgate, and for that purpose to construct a new canal for a short distance. In doing this work, the newly constructed portions of the canal were made so as to carry a volume of 10,000 inches.

The real and only controversy in the case is as to whether or not the appellant should bear his *pro rata* share of the entire expense incurred in this change and improvement. The trial court, after hearing all the evidence, was of the opinion that this is a proper charge and that the appellant should pay his proportionate share of .06 of the entire expenditure.

We have examined the evidence of the witnesses in the matter, and it would seem to us that it justifies the finding and conclusion of the trial court. It appears that the water

was originally diverted into a slough and thence into the old canal, and that the high water annually washed and broke down the dam and filled the slough with dirt, silt and debris, so that there was an annual expenditure entailed so long as the point of diversion was maintained at the old place. The new point of diversion has obviated these annual expenditures, and it would seem from the evidence that, in the long run, the expenditure entailed by the change and improvement is no greater than it would have been in a series of years to have tried to maintain it at the old place.

It would seem to us that under the facts and circumstances of the case, as disclosed by the record, the trial court reached a fair and just conclusion, and that the expenditure incurred in this case was properly apportioned between the ditch company and appellant, and that appellant should bear his .06 thereof. It was specifically provided in the original deed from Spofford to the land and water company that the reservation of 1,000 inches of water from the appropriation should be "subject to its proportionate share of keeping said ditch and the headgate in good repair, between the point of original diversion of all of said water and the point where such 1,000 inches of water is taken out of said ditch." It is clear to us, on the other hand, that this reserved water right cannot be subject to any charge other or greater than that stipulated and provided for in the deed which reserved that right. (*Knowles v. New Sweden Irr. Dist.*, 16 Ida. 217, 101 Pac. 81; *Nampa & Meridian Irr. Dist. v. Gess*, 17 Ida. 552, 106 Pac. 993; *Idaho Fruit Land Co. v. Great Western Beet Sugar Co.*, 18 Ida. 1, 107 Pac. 989.)

The judgment should be affirmed, and it is so ordered. Costs are awarded in favor of respondent.

Sullivan and Stewart, JJ., concur.