(June 1, 1922.)

MATTHEW JOYCE and ANNA JOYCE, Appellants, v. MURPHY LAND AND IRRIGATION COMPANY, LIMITED, a Corporation, and L. M. PORTER, Receiver of Said MURPHY LAND AND IRRIGATION COMPANY, LIMITED, Respondents.

[208 Pac. 241.]

RES ADJUDICATA—WATER RIGHT—CHANGE OF PLACE OF USE—ABANDONMENT—VESTED RIGHT TO USE.

1. In an action upon the same claim or demand as litigated in a former action between the same parties, the former adjudi-

Publisher's Note.
1. Application of doctrine of *res judicata* to issues as to which judgment is silent, see note in 6 Ann. Cas. 104.

cation concludes parties and privies, not only as to every matter offered and received to sustain or defeat the claim, but also as to every matter which might and should have been litigated in the first suit.

2. A change of place of use of a decreed water right to lands other than those upon which such water right was formerly used does not constitute abandonment.

3. *Held*, that respondent corporation in this case has a vested right in the waters formerly decreed to it, and a right to apply such waters to a beneficial use upon any lands available under its irrigation system.

APPEAL from the District Court of the Third Judicial District, for Ada County. Hon. Charles P. McCarthy, Judge.

Action to enjoin change of place of use of water. Judgment of nonsuit. *Affirmed.*

Perky & Brinck, for Appellants.

A senior appropriator may not change place of use or point of diversion to the detriment of subsequent appropriators. (*Walker v. McGinness,* 8 Ida. 540, 69 Pac. 1003; *Bennett v. Nourse,* 22 Ida. 249, 125 Pac. 1038; *Hall v. Blackman,* 22 Ida. 556, 126 Pac. 1047; *Last Chance Min. Co. v. Bunker Hill etc. Min. Co.,* 49 Fed. 430; *United States v. Union Gap Irr. Co.,* 209 Fed. 274; *Southern California Inv. Co. v. Wilshire,* 144 Cal. 68, 77 Pac. 767; *Farmers' High Line etc. Co. v. Wolff,* 23 Colo. App. 570, 131 Pac. 291; *Fort Collins Mill etc. Co. v. Lorimer etc. Irr. Co.,* 61 Colo. 45, 156 Pac. 140; *Durkee Ditch Co. v. Means,* 63 Colo. 6, 164 Pac. 503; *In re North Powder River,* 75 Or. 83, 144 Pac. 488; *Featherman v. Hennessy,* 43 Mont. 310, 115 Pac. 983; *Gassert v. Noyes,* 18 Mont. 216, 44 Pac. 959; *Roeder v. Stein,* 23 Nev. 92, 42 Pac. 867.)

Oppenheim & Lampert and Jay M. Parrish, for Respondents.

In an action upon the same claim or demand, the former adjudication concludes parties and privies, not only as to

every matter offered and received to sustain or defeat the claim, but also as to every matter which might and should have been litigated in the first suit. (24 Am. & Eng. Ency. of Law, 714; *Shields v. Johnson*, 12 Ida. 333, 85 Pac. 972; *King v. Co-operative Sav. etc. Assn.*, 6 Ida. 766, 59 Pac. 557.)

"It is presumed that a judgment disposed of all matters in controversy." (*Towne v. Towne*, 6 Cal. App. 697, 92 Pac. 1050.)

It was error for the court to admit evidence tending to show that the defendants' dam cuts off the underflow and percolation; also with reference to all matters which did not occur subsequent to the prior adjudication. There was no evidence offered which tended to show abandonment. (*O'Brien v. King*, 41 Colo. 487, 92 Pac. 945.)

BUDGE, J.—This action was brought by appellants to enjoin respondents from changing the place of use of certain waters of Sinker Creek, decreed to respondent corporation in a former action between appellants and respondents. The trial was had to the court without a jury and resulted in a judgment of nonsuit, from which this appeal is prosecuted.

Appellants assign as error the action of the court in sustaining respondents' motion for nonsuit and in rendering judgment thereon.

From the record it appears that in 1908 respondent corporation constructed across Sinker Creek an impervious, concrete dam, thereby preventing the percolating waters of said stream, arising above the dam, from the irrigation of the Matthews and Dupont ranches, from flowing on down to the lands of the appellants, thereby depriving appellants of the use for irrigation purposes of such percolating waters. Respondent corporation purchased the Matthews and Dupont claims, to which was decreed in 1912, in an action between appellants and respondent corporation (see *Joyce v. Rubin*, 23 Ida. 296, 130 Pac. 793), a prior right to the use of eighty inches of the waters of Sinker Creek, to be used

for the irrigation of said ranches. After the construction of the dam practically all of the Matthews and Dupont claims were submerged with water and used by respondent corporation for the purpose of storing the flood waters of Sinker Creek, to be conducted upon what is known as the Murphy Flats, some distance from the reservoir. In the decree in the Joyce-Rubin case, the waters decreed to appellants were to be delivered to them through the dam of the respondent corporation.

It is insisted by appellants that under the decree heretofore rendered they are entitled to have delivered to them such portion of the eighty inches of water decreed to respondent corporation as would percolate into Sinker Creek from the irrigation of the Matthews and Dupont ranches, and further, that by reason of the fact that respondent corporation has converted the lands comprising the Matthews and Dupont ranches into a reservoir site and no longer irrigates the same, that it thereby abandoned the right to the use of the eighty inches of water decreed to it to be used upon these lands, and that appellants are therefore entitled to the use of said eighty inches of water, upon the theory that respondent corporation abandoned the same, or, in other words, that since the decree awarded to respondent corporation a prior right to divert eighty inches of water upon specific lands described in the decree, that it cannot change the place of use of such waters or divert the same to any lands, other than described in the decree, or deprive the appellants of the percolating waters that would flow into Sinker Creek by reason of the irrigation of the specific lands mentioned in the decree.

From an examination of the pleadings, findings of fact, conclusions of law and decree in the case of *Joyce v. Rubin*, which are made a part of this record, it is clear that the trial court took into consideration in decreeing the waters of Sinker Creek both the surface and subflow of said stream, as well as the loss to the appropriators below the dam of any percolating waters that would reach that stream by reason of the irrigation of the Matthews and Dupont ranches.

If we are correct in the construction that we place upon the findings of fact, conclusions of law and the decree in the Joyce-Rubin case, and the construction placed thereon by this court, the trial court did not err in granting respondents' motion for a nonsuit upon the theory that the issues in the instant case were before the court in the former action, and the rights of the parties to the use of the waters of Sinker Creek determined, which being true, said decree constituted a previous adjudication of the right of respondent corporation to retain all of the eighty inches of water decreed to it, and would be *res adjudicata*.

It will be remembered that the dam was constructed in 1908, and it is conceded by appellants that it cut off all of the subflow of Sinker Creek, as well as the percolating waters that flowed into said stream as a result of the irrigation of the Matthews and Dupont ranches. There seems to have been a sharp conflict in the evidence whether the dam did not also decrease the flow of certain springs located below the dam. The trial court in decreeing the waters to the respective appropriators below the dam, and which would necessarily pass through the dam, unquestionably awarded to them an additional amount of water sufficient to recoup any loss that might result by reason of the construction of the dam, and the abandonment for irrigation purposes of the Matthews and Dupont ranches, which lands were to be used as a part of respondent corporation's reservoir site.

But conceding, as insisted by appellants, that this exact point was not presented upon the former trial, it was necessarily involved and we think determined. We think the correct rule to be that in an action between the same parties upon the same claim or demand, the former adjudication concludes parties and privies not only as to every matter offered and received to sustain or defeat the claim but also as to every matter which might and should have been litigated in the first suit. (24 Am. & Eng. Ency. of Law, 2d ed., p. 714; *Shields v. Johnson*, 12 Ida. 329, 85 Pac. 972; *King v. Co-operative Sav. etc. Assn.*, 6 Ida. 760, 59 Pac. 557.)

We are also of the opinion that this court on appeal was fully conversant with the effect that the dam would have upon the percolating waters that had flowed into Sinker Creek above the dam. In the course of its opinion, after making certain minor modifications in the decree of the trial court, and directing that provisions be made for the measurement of the water of the stream as it entered the reservoir of the respondent corporation, and the measurement of the water as it left the dam, this court makes use of the following language: "Of course as appellant [respondent corporation here] has an eighty-inch water right with a priority of April 1, 1865, it would be entitled to that full amount as long as the natural flow of the stream amounted to eighty inches, its right being the oldest on said stream." (*Joyce v. Rubin,* 23 Ida., at 310, 130 Pac. 793.)

In other words, this court affirmed the judgment of the trial court decreeing to respondent corporation eighty inches of the natural flow of the waters of Sinker Creek, basing its affirmance upon the proof, as disclosed by the record, that it was the oldest right established to the use of the waters of said stream, and this conclusion was based upon a discussion by the court of the material issues raised in this action, and with a full understanding of the existence of the dam, the date of its construction, the effect that the building of the dam had upon the flow of the waters of Sinker Creek, the peculiar characteristics of the soil adjacent to the stream, and the quantity of water necessary for its irrigation, as well as the amount of water that percolated back into the stream and was used by lower appropriators.

Neither do we think that there is any merit in appellants' contention that respondent corporation abandoned the right to the use of the eighty inches of water decreed to it in the former decree by reason of the storage of the same and the subsequent diverting of the waters to other lands.

Since this court affirmed the decree of the trial court awarding to respondent corporation a priority to eighty inches of the waters of Sinker Creek, as long as the natural

flow of the stream amounted to eighty inches it would have a right to use that amount of water for a beneficial use, either upon the Matthews and Dupont ranches or upon any other lands susceptible of irrigation from its system.  Under any circumstances, the only injury that could possibly flow to appellants would be the loss of the percolating water that may have found its way into the creek by reason of the irrigation of the Matthews and Dupont ranches.  As above stated, their right to use such percolating waters has been finally disposed of.  Appellants concede that the dam was lawfully constructed and was built for the express purpose of storing the freshet waters of Sinker Creek, to be conducted through respondent corporation's irrigation system to the Murphy Flats.  It would, therefore, be inequitable to hold, under the facts of this case, that respondent corporation's right to the use of the eighty inches of water decreed to it be now decreed to appellants upon the theory of abandonment, for the sole reason that it no longer irrigates the Matthews and Dupont lands, but of necessity uses the same in connection with its reservoir site.

The word "abandon" is held in this connection to mean "to desert or forsake."  It is the relinquishment of a right by the owner thereof without any regard to future possession by himself or any other person, but with the intention to forsake or desert the right.  As to whether or not a water right, the water itself, the ditch, canal or other works, have actually been abandoned or not, depends upon the facts and circumstances surrounding each particular case, tending to prove the essential elements of abandonment, viz., the intent and the acts of the party charged with abandoning such right.  Abandonment is most usually proved by evidence of the failure of the party charged to use the right to the water or to keep the works necessary for the utilization of the water in repair.  (2 Kinney on Irrigation, 2d ed., sec. 1101, p. 1979 et seq.)  There is no proof of abandonment in the record in this case, but upon the contrary it appears that respondent corporation has used every known means in the construction of its dam and reservoir site to conduct the

waters decreed to it, as well as the flood waters of Sinker Creek, on to what is known as the Murphy Flats for the irrigation and reclamation of said lands. Moreover, it would seem that this question was also adjudicated in the former action, since this court affirmed, with minor modifications, the decree of the trial court.

There are no facts disclosed by this record which would justify this court in taking from the respondent corporation the eighty inches of water heretofore decreed to it, or any portion thereof, and adding it to the waters decreed to appellants. Respondent corporation has a vested right in the waters decreed, as well as a right to apply the same to a beneficial use upon any lands available under its system. ·

From what has been said it follows that the judgment of the trial court should be affirmed, and it is so ordered. Costs are awarded to respondents.

Rice, C. J., and Lee, J., concur.

McCarthy, J., being disqualified, did not sit at the hearing nor take part in the opinion.

Petition for rehearing denied.