254 P.2d 407

ADAMS et al. v. NAMPA & MERIDIAN IRR. DIST.

No. 7902.

Supreme Court of Idaho.

March 3, 1953.

522

. Garrity & Garrity, Nampa, for appellant.

J. F. Martin and C. Ben Martin, Boise, for respondents.

PORTER, Chief Justice.

Appellant now is and has been since 1905 the owner of the irrigation system known as the Ridenbaugh Canal System. It delivers water for irrigation purposes to lands lying in Ada and Canyon Counties. It is the successor in interest, through

mesne conveyances, of the Central Canal and Land Company, a corporation, which formerly owned the Ridenbaugh Canal System.

In the year 1889 the Central Canal and Land Company, a corporation, and one Frank De Cloedt entered into an "Indenture and Agreement" whereby the corporation sold and conveyed to De Cloedt for the sum of $640, one water right to the use of water flowing through the canal of the Central Canal and Land Company representing one cubic foot of water per second of time. Such water right was for use upon 80 acres of land described in the conveyance. The agreement also contained the following provision:

"1. The said first party agrees on its part to keep and maintain said canal in good order and condition, and in case of accident to, or breach in, or damage to the same, to repair the injury occasioned thereby as soon as practicable and expedient.

"2. The second party his heirs, executors, administrators and assigns agree to pay said first party, its successors or assigns on or before the first day of May in each year hereafter, the sum of twelve dollars on each water right conveyed by and *and* granted by this Indenture and *a*greement, and a proportional sum on each proportional part of a water right, as assessment for the management and maintenance of said canal for the ensuing year, * * * ".

In the year 1891 a similar indenture and agreement was made whereby the Central Canal and Land Company transferred an additional one water right representing one cubic foot of water per second of time to Frank De Cloedt for use upon 80 acres of land described therein. Thereafter, such water rights and lands owned by De Cloedt were conveyed in due course to one W. M. Briggs.

In the year 1910 appellant filed an action in the District Court in Ada County against W. M. Briggs for his pro rata share for the maintenance and repair of its canal system for the years 1906, 1907, 1908 and 1909 in the sum of $600. Briggs answered denying the right of the Nampa & Meridian Irrigation District to collect more than $12 per year for the maintenance of such canal system for each cubic foot of water owned by him as provided by the two indentures and agreements above described. The cause reached this court on appeal and final decision was rendered thereon in 1915. Nampa & Meridian Irr. Dist. v. Briggs, 27 Idaho 84, 147 P. 75.

This court held in effect that under the terms of the deeds and agreements in issue, Briggs was the owner of a right to the use of two cubic feet of water per second of time to be delivered by the irrigation district through its ditches and canals; that the stipulations limiting the amount to be paid toward the upkeep of the canal to $12 per cubic foot of water per annum were a part of the consideration for the

contracts; that appellant purchased and took over the Ridenbaugh Canal System burdened with such contracts and the terms thereof; and that appellant could not charge Briggs more than $12 per annum per cubic foot of water for maintenance of the canal system. The entire history of the Ridenbaugh Canal System and of the deeds and agreements in question are reviewed at length in the opinion in the Briggs case. It would seem to be unnecessary to again review the same herein.

The lands and water rights at issue in the Briggs case were thereafter acquired by respondents and are the lands and water rights in issue in the instant case. Appellant continued to deliver water to the predecessors in interest of respondents and to respondents for the maintenance charge of $12 per annum per cubic foot of water delivered until the year 1952. In the spring of 1952, appellant levied an annual maintenance charge against the lands within its district of $3.50 per miner's inch of water used. Appellant thereupon refused to deliver water to respondents without the payment of said $3.50 per miner's inch maintenance charge. The lands of respondents are not part of the Nampa & Meridian Irrigation District. Respondents tendered to appellant the $24 annual maintenance provided for by their deeds and contracts and demanded delivery of their irrigation water.

Upon the refusal of appellant to deliver their water for irrigation, this action was commenced by respondents in the District Court of Ada County for a writ of mandate to compel appellant to deliver the two cubic feet of water to which respondents are entitled. Appellant made a general denial of the complaint and contested the issuance of the writ of mandate. Respondents took the position that the case of Nampa & Meridian Irr. Dist. v. Briggs, supra, was res judicata on the right of respondents to have the water delivered to them upon the payment of $12 per annum maintenance charges for each cubic foot of water. Appellant appears to have contended and herein contends that the Briggs case was not res judicata on the issues raised herein for two reasons which we will hereinafter discuss. The transcript in the Briggs case was made a part of the record in this case. The trial court found in favor of respondents and issued the writ of mandate. From the judgment granting the writ of mandate, appellant has appealed to this court.

■ Appellant's first contention is that the only issue in the Briggs case was the right to collect charges for water voluntarily delivered, while the issue in the instant case is whether appellant can be compelled to deliver water for the maintenance provided for in the deeds and contracts. This attempted distinction between the issues in the Briggs case and in the case at bar is without merit. In the Briggs case the court specifically said that the question presented for determination was as to the

validity of the contract and, if found to be valid, its effect. The court also quoted from the opinion in Knowles v. New Sweden Irr. Dist., 16 Idaho 217, 101 P. 81, where a similar contract was under consideration, the holding therein that under such a contract neither the canal company nor its successors in interest could ever raise the maintenance rate as against the water user. In addition the court stated the issues as follows, 27 Idaho 89, 90; 147 P. 77:

"The main question is whether the appellant, irrigation district, has a right to recover from the respondent his pro rata share per annum of the expense of the management and maintenance of the said canal system, or whether appellant is bound by the stipulation in said deeds which required the respondent to pay but $12 for the delivery of a cubic foot of water per second of time. In other words, whether an irrigation district, which is the successor in interest to a canal company that acquired water for sale, rental, and distribution, is bound by the agreements of such company limiting the amount which one or more of its grantees, who hold by grants prior to the transfer to the irrigation district, shall pay by way of maintenance upon the system."

Appellant apparently further contends that the contract by the appellant, an irrigation district, to purchase the Ridenbaugh Canal System burdened with a duty to deliver water to respondents for less than the pro rata share of annual maintenance charges was ultra vires; and that such question was not litigated in the Briggs suit. Appellant does not make clear as to what it contends its position would be if the court should declare its purchase of its canal system were ultra vires and void. The right of appellant to purchase and the effect of such purchase of the Ridenbaugh Canal System subject to the contracts in question is discussed in the opinion in the Briggs case which quotes from the New Sweden case as follows, 27 Idaho 97, 147 P. 79:

"The irrigation district having the right and capacity to purchase, and the canal company having the property, and the right to dispose of the same, the latter could lawfully sell to the irrigation district, which it has done. The canal company could not sell any greater title than it possessed, and when the irrigation district purchased, it could neither purchase nor acquire any greater title or interest than its grantor owned and possessed. When it purchased this canal system, it purchased it subject to and burdened with the rights and equities of the appellant's grantor."

The court also said:

"It must be borne in mind that in this case the appellant became the owner of the irrigating system in question long

after the contracts had been entered into, whereby the respondent was to enjoy the use of two cubic feet of water per second of time and was to pay $24 per year toward the upkeep of the system. It was entirely optional with the appellant to make the purchase or not. Having elected to buy the property, it could acquire no greater interest than its vendor had, and must take its title burdened with respondent's contracts. Had it desired so to do, and had it been necessary in order to carry out the purposes of its organization, it might have acquired respondent's property right in his contracts by purchase or condemnation and have brought him into the district upon equal terms with its members, but his interest, created by these contracts, is property that may not be confiscated, or taken, without payment of just compensation." 27 Idaho 103–104, 147 P. 81–82.

The doctrine of res judicata is stated generally in 50 C.J.S., Judgments, § 592, p. 11, as follows:

"The doctrine of res judicata, first definitely formulated in the Duchess of Kingston's case, embodies two main rules which may be stated as follows: (1) The judgment or decree of a court of competent jurisdiction on the merits concludes the parties and privies to the litigation and constitutes a bar to a new action or suit involving the same cause of action either before the same or any other tribunal, as considered infra § 598. (2) Any right, fact, or matter in issue, and directly adjudicated on, or necessarily involved in, the determination of an action before a competent court in which a judgment or decree is rendered on the merits is conclusively settled by the judgment therein and cannot again be litigated between the parties and privies whether or not the claim or demand, purpose, or subject matter of the two suits is the same, as considered infra §§ 686, 712."

The foregoing general statement of the doctrine of res judicata is followed in Joyce v. Murphy Land etc. Co., 35 Idaho 549, 208 P. 241 and South Boise Water Co. v. McDonald, 50 Idaho 409, 296 P. 591. See also, Hilton v. Stewart, 15 Idaho 150, 96 P. 579; Smith v. Kessler, 22 Idaho 589, 127 P. 172; Lawrence v. Corbeille, 32 Idaho 114, 178 P. 834.

In 50 C.J.S., Judgments, § 596, p. 14, it is said:

"While the doctrine of res judicata is usually regarded as a defense, it is equally available to plaintiff where the circumstances warrant it, either by pleading it as an element of his cause of action or in reply to defendant's answer, as discussed infra § 823, or, where no opportunity for this is afforded, by introducing evidence of the

former adjudication, discussed infra § 834."

It appears clear that the validity and effect of the deeds and agreements in question were issues litigated and determined in the Briggs case and that it was therein held it was the duty of appellant under such deeds and agreements to deliver the water of respondents through its canal system for the annual maintenance charge of $12 per cubic foot. The decision in the Briggs case is res judicata on the issues in this case; and such defense is available to respondents as against the contentions of appellant.

It may be noted that the holding in the Briggs case as to the nature and effect of the deeds and contracts in question appears to be in harmony with the holdings of this court in Knowles v. New Sweden Irr. Dist., supra; Settlers' Irr. Dist. v. Settlers' C. Co., 14 Idaho 504, 94 P. 829; Jackson v. Indian Creek etc. Irr. Co., Ltd., 16 Idaho 430, 101 P. 814; Nampa & Meridian Irr. Dist. v. Gess, 17 Idaho 552, 106 P. 993; Riverside Irr. Dist. v. Black, 25 Idaho 98, 136 P. 611; Yaden v. Gem Irr. Dist., 37 Idaho 300, 216 P. 250.

The judgment of the trial court is affirmed. Costs awarded to respondents.

GIVENS, TAYLOR, THOMAS and KEETON, JJ., concur.