In the Matter of Petition of UNION ELECTRIC COMPANY OF MISSOURI (formerly UNION ELECTRIC LIGHT & POWER COMPANY) for Abatemant of Income Tax Assessment for the year 1938.—No. 37903.

In the Matter of Petition of UNION ELECTRIC COMPANY OF MISSOURI (formerly UNION ELECTRIC LIGHT & POWER COMPANY) for Abatement of Income Tax Assessment for the year 1937.—No. 37904.— 161 S. W. (2d) 968.

Court en Banc, March 10, 1942.

*Roy McKittrick*, Attorney General, *William C. Connett, IV*, and *Russell C. Stone*, Assistant Attorneys General for appellant.

*Robert J. Keefe, William H. Ferrell* and *Igoe, Carroll, Keefe & Coburn* for respondent; *John A. Woodbridge* of counsel.

HAYS, J.—Respondent, the Union Electric Company of Missouri, is a Missouri corporation. As such it filed income tax returns for the years 1937 and 1938. Certain items of gross income, hereinafter more particularly described, were omitted from these returns, it being the contention of the taxpayer that they were not taxable. The assessor, as directed by the auditor, made additional assessments aggregating $6,990,813.90 covering these items and a tax was assessed thereon in the sum of $95,058.74. In due time respondent instituted two suits in the circuit court to abate the

additional assessments as provided in Section 11366, R. S. Mo. 1939 [Mo. St. Ann., sec. 10135, p. 8107]. These actions were separately tried and resulted in judgments for the taxpayer, from which the assessor and auditor have appealed. The cases involve identical facts and can be disposed of in a single opinion.

The disputed items of income fall into two classes: (1) Respondent, as a corporation during the years mentioned, owned shares of stock in eight foreign corporations, one of which was licensed to do business in the State of Missouri, and also beneficial interest certificates in an unincorporated joint stock company organized outside the State as a common-law trust. With the one exception mentioned all of these various companies operated entirely outside the State of Missouri and the portion of income of the one company derived from its Missouri operations is not here involved. During the years 1937 and 1938 respondent received at its office in St. Louis dividend payments from each of the above mentioned companies. (2) Respondent also owned, during the period in question, bonds executed and issued by the Union Electric Company of Illinois, an Illinois corporation, which does business exclusively in that state. These bonds were not secured by any lien upon property in Missouri. Immediately after their receipt by the respondent they were deposited by it with the St. Louis Union Trust Company, a St. Louis bank, as security for certain of its own bonds. In 1937 and 1938 the issuing corporation paid interest on these bonds to the present taxpayer. The sole questions presented are whether or not these dividend and interest payments are income received by the taxpayer from sources within this State under Section 11343, R. S. Mo. 1939 [Mo. St. Ann., sec. 10115, p. 8080], and hence properly included in the taxpayer's gross income for the purpose of computing its net taxable income for the years under consideration. We shall consider the two classes of items separately.

Section 11343, R. S. Mo. 1939 [Mo. St. Ann., sec. 10115, p. 8080], supra, imposes an income tax upon corporate income "from all sources in this state." The appellants contend that dividends received by the respondent from other corporations in which respondent held shares of stock were derived from sources within this State even though the corporate seat and actual business operation of these other companies were located elsewhere. The argument made by the appellants may be summarized as follows: A corporation is considered in law as a person distinct and separate from the individuals who are its shareholders, officers and directors. The fiscal assets of such corporation are owned by it and not by its shareholders. The latter merely have certain rights against the corporate person which include, among others, the right to elect the officers and directors who manage its affairs, the right to receive a pro rata share in its net earnings under certain circumstances and

the right to a proportional distribution of its assets upon dissolution. In so far as the corporate assets are concerned the corporation is a trustee and the shareholders *cestuis que trustent*. The right of the shareholder is evidenced by the stock certificates which he holds and such right is a property right of the shareholder himself. Dividends received by the shareholders arise out of their ownership of shares of stock. Such shares, being personal property, are considered in law as being located at the domicile of the owner. Therefore the source of the dividends is located at the owner's domicile.

An almost exactly similar state of facts, in so far as these dividend payments are concerned, was before Division No. 1 of this court in the case of Union Electric Company v. Coale, 347 Mo. 175, 146 S. W. (2d) 631, and the taxing authorities there presented us an argument identical with that here made. That case was decided in favor of the taxpayer and, if correctly decided, is here controlling. Appellants, however, ask us to re-examine the questions there considered and to overrule the Coale case, supra. Because of the great public importance of the matter involved we deem it necessary to consider anew the fundamental questions raised.

Income consists of an increase in the economic wealth of the taxpayer. The sources from which it is derived are said to be three. (A) labor; (B) the use of capital, in which term we include for convenience land; and (C) profits derived from the sale or exchange of capital assets. These latter represent an accretion in the value of the assets while they are in the hands of the taxpayer. [Eisener v. Macomber, 252 U. S. 189, 64 L. Ed. 521, 40 Sup. Ct. 189; Holmes, Federal Taxes (6 Ed.), pp. 396 to 398.] It is said that the locus of the source of income is determined as follows: in the case of income derived from labor, it is the place where the labor is performed; in the case of income derived from use of capital, it is the place where the capital is employed; and in the case of profits from the sale or exchange of capital assets, it is the place where the sale occurs. [In re Kansas City Star Co., 346 Mo. 658, 142 S. W. (2d) 1029; Holmes, Federal Taxes (6 Ed.), pp. 396 to 398, supra.]

The argument of the appellants rests upon two propositions, both of which are legal fictions, useful in many cases yet somewhat dangerous if applied indiscriminately and universally. It is true that for most purposes of corporation law a corporation is considered as a legal person separate and distinct from its shareholders. As such the law considers it the owner of its capital assets. Yet when we penetrate beneath the cloak of legal fiction it is apparent that in the economic sense the real owners of the corporation assets are its shareholders.

It is also true that for many purposes the situs of personal property is considered to be at the domicile of its owner. This latter proposition, however, is purely fictitious and is now limited in its application to a few cases, principally those regarding the devolution of estates

of decedents and bankrupts. [Eidman v. Martinez, 184 U. S. 578, 46 L. Ed. 697, 22 Sup. Ct. 515; Pullman's Palace-Car Co. v. Pennsylvania, 141 U. S. 18, 35 L. Ed. 613, 11 Sup. Ct. 876; Ann. 13 L. R. A. 741; 57 L. R. A. 523.] The Income Tax Act, like all other tax statutes, must be construed as favorably as possible to the taxpayer and strictly against the taxing authority. [Artophone Corporation v. Coale, 345 Mo. 344, 133 S. W. (2d) 343; F. Burkhart Manufacturing Co. v. Coale, 345 ▆▆▆ Mo. 1131, 139 S. W. (2d) 502.] In the field of income taxation in particular it is important to penetrate beyond legal fictions and academic jurisprudence to the economic realities of the cases. It is conceded that the actual expenditure of labor and the actual use of capital which gave rise to the income represented by these dividends took place outside the State of Missouri. We are forced to the conclusion therefore that the source of this income was outside the State and the dividends received by the taxpayer should not be included in its gross income for the purpose of computing its Missouri income tax. We believe that Division No. 1 of this court in the case of Union Electric Co. v. Coale, 347 Mo. 175, 146 S. W. (2d) 631, supra, reached a proper conclusion. That conclusion is, we think, in complete harmony with the other recent decisions of this court and In re Kansas City Star Co., 346 Mo. 658, 142 S. W. (2d) 1029, supra; Artophone Corporation v. Coale, 345 Mo. 344, 133 S. W. (2d) 343, supra; and F. Burkhart Manufacturing Co. v. Coale, 345 Mo. 1131, 139 S. W. (2d) 502, supra.

The cases of State ex rel. American Automobile Insurance Co. v. Gehner, 320 Mo. 702, 8 S. W. (2d) 1057, and First Bank Stock Corporation v. Minnesota, 301 U. S. 234, 81 L. Ed. 1061, 57 Sup. Ct. 677, cited by the appellants, did not involve income taxation. They merely decided that the rule *mobilia personam sequuntur* might properly be applied in determining the situs of property for the assessment of a general property tax. It is quite obvious that the assessment of personal property, particularly that of an intangible nature, at the point where it is actually located for the purpose of levying a personal property tax would be impractical if not impossible. The only method of assessment which will guarantee the declaration of a reasonable amount of such property is assessment at the domicile of the owner. The entirely different method of assessment and collection applied in the case of income taxation makes it unnecessary to resort to the legal fiction, above mentioned, in this type of case. State ex rel. Manitowoc Gas Co. v. Wisconsin Tax Commission (Wis.), 152 N. W. 848, dealt with interest and not dividends. It is to be noted, however, that the court which decided the last mentioned case said in the subsequent case of State ex rel. Froedtert Grain and Malting Co. v. Tax Commission (Wis.), 265 N. W. 672, l. c. 676, that dividends derived from foreign corporations, shares of whose stock were held

by the Wisconsin taxpayer, did not constitute income from a source within the State under the taxing statutes of that commonwealth.

Appellants place their principal reliance on the decision of the Supreme Court of California in Miller v. McColgan, 110 Pac. (2d) 419. In that case the taxpayer was a citizen and resident of California. He owned stock in a Philippine corporation on which he had received dividends. These dividends had been taxed against him as income by the Philippine Government under a statute levying a tax upon the income of nonresidents derived from sources within the commonwealth. The taxpayer reported these dividends as taxable income in his California return but asked a credit for the amount of tax paid to the Philippine Commonwealth. The California court held that the dividends were derived from a source within California and refused to allow this credit. The court follows practically the same line of reasoning here urged by the appellants. With all due deference to the learned brethren in our sister state we cannot agree with their conclusion but feel that the result reached by Division No. 1 of this court in the case of Union Electric Co. v. Coale, 347 Mo. 175, 146 S. W. (2d) 631, supra, is much sounder.

A well-reasoned opinion entirely consistent and harmonious with the case of Union Electric Co. v. Coale, supra, is that of Appeal of Standard Marine Insurance Company, Limited, 4 U. S. Board of Tax App. Rep. 853. The Board of Tax Appeals there held that income of this nature paid to a foreign corporation at its New York offices from other foreign corporations not doing business in the United States was not income derived from sources within this country.

We come now to the consideration of the second class of income items herein involved, to-wit: the interest payments received by the taxpayer upon bonds issued by the Union Electric Company of Illinois but held by the taxpayer in Missouri. A realistic approach to the problem is again required. The nature and characteristics of interest payments cannot be changed by the fact that the debt upon which such interest is paid is evidenced by a bond. The character of the debt remains the same whether the fact of indebtedness is recorded in an instrument called a bond or in a promissory note or a mere open account. Nor is it of importance that the debtor is a corporation rather than an individual. The basic facts are these: that the taxpayer lent money to a person in another state which was used by that person in the other state and that the taxpayer, as an incident to such loan, was paid interest. It may be contended here that the interest was payable in Missouri because unless the parties to a contract otherwise agree all payments are to be made at the domicile or business place of the creditor. But an examination of the decisions previously cited shows that the actual place where income payments are turned over to the taxpayer is not determinative of the source of the income. For example, in the case of In re Kansas City Star Co., 346 Mo. 658, 142 S. W. (2d) 1029,

supra, the taxpayer's income consisted largely of the price of subscriptions to its newspapers and money paid to it by advertisers. Most of these items would finally reach the hands of the taxpayer at its office in Missouri. Yet this court held that such portion of this income as was derived from transactions outside the State, that is from a sale of its publications outside of Missouri, was not taxable. Again a similar holding was made by the Board of Tax Appeals in the case of Appeal of Standard Marine Insurance Company, Limited, 4 U. S. Board of Tax Appeals Rep. 853, supra. These decisions and others like them make it plain that the mere point where payment reaches the hands of the taxpayer is not determinative of the source of the income. In the case of State ex rel. Manitowoc Gas Co. v. Tax Commission (Wis.), 152 N. W. 848, supra, the Supreme Court of Wisconsin held that income paid in the form of interest by a Wisconsin corporation to bondholders in other states was not taxable in Wisconsin. We are unable to agree with the reasoning of this case, however. We think that the source of the income is the person paying the interest and not the mere bond itself, which is only an evidence of the indebtedness. It therefore follows that the interest payments must be treated in the same manner as the dividend payments, and what we have said in regard to dividends will largely apply also to interest.

It may be argued that there is a valid difference between dividends received by a local corporation from a foreign company and interest so received. The dividends represent a proportional part in the net profits of the paying corporation and hence are taxed to such corporation by the State of the domicile as a part of its net income. Therefore, if they are taxed again as a part of the net income of the receiving corporation, a double tax in the economic, although not in the constitutional sense, is imposed. Upon the other hand under our own income tax law interest is an allowable deduction from gross income in determining net taxable income. [Sec. 11349, R. S. Mo. 1939, Mo. St. Ann., sec. 10120, p. 8095.] Incidentally interest is also allowable as a deduction from gross income under the Federal law. [26 U. S. C. A., Int. Rev. Code, sec. 23 (b).] Therefore, the actual economic income represented by interest is not taxable to the paying corporation and if it be taxed to the receiving corporation no double taxation would result. However, this argument would rest solely upon the assumption that the state of corporate domicile of the paying corporation levied income tax and that its tax act was substantially similar to our own and to that of the Federal Government—an assumption which we are hardly justified in making. Furthermore Sec. 11345, R. S. Mo. 1939 [Mo. Stat. Ann., sec. 10117, p. 8091], contains a detailed definition of income. Among other provisions the following are included:

"Interest on bonds, notes or other interest-bearing obligations *of residents, corporate or otherwise,* to the extent deductible, by such

residents, interest on any obligation secured by lien on any property having a situs in· this state, to the extent deductible by the lienor. . . ." (Our italics.)

The Legislature has specifically seen fit to include in taxable income certain items of interest received, making due allowance by proper exceptions to prevent double taxation; but it has specifically provided for the inclusion of such interest when the payer thereof is a resident and when the obligation is secured by a lien on Missouri property. The specific inclusion of such interest is an implied exclusion of interest derived from a person or corporation not a·resident of the State when the same is not connected with an obligation secured by a lien on Missouri property.

Hence we conclude that the circuit court was right in holding that the income items here involved were not properly included in the gross income of the taxpayer for the purpose· of computing its Missouri income tax and that the court below properly found for the plaintiff in both cases and properly ▮▮▮ abated the additional assessments made. It·follows that the judgment below is affirmed.

All concur.