442 P.2d 174

**FUTURA CORPORATION, Plaintiff-Appellant,**

v.

**STATE TAX COMMISSION of the State of Idaho, Defendant-Respondent.**

No. 10082.

Supreme Court of Idaho.

June 20, 1968.

Davison, Davison & Copple, Boise, for appellant.

Allan G. Shepard, Atty. Gen. of State of Idaho, William M. Smith, Asst. Atty. Gen., Boise, for appellee.

SPEAR, Justice.

This appeal raises one issue of law only, namely, whether dividend income received by the appellant corporation (hereinafter referred to as the taxpayer) from Boise Cascade Corporation for the fiscal year ending November 30, 1963, must be included as taxable income to the State of Idaho.

In its Idaho State Income Tax Return for the fiscal year ending November 30, 1963, the taxpayer herein failed to include as taxable income certain monies it had received from diversified sources, to-wit, lease rental income from manufacturing machinery located outside the State of Idaho and income in the form of dividends from Boise Cascade Corporation.

From a deficiency assessment on both items issued by the Office of the Tax Col-

lector (now State Tax Commission), the taxpayer appealed to the district court which reversed as to the rental income but held that the dividend income was properly taxable by the State.

The taxpayer now appeals from that portion of the judgment which required it to include in its reportable income taxable to the State of Idaho the dividend income derived from Boise Cascade. Respondent does not cross-appeal.

The taxpayer is a domestic corporation organized and existing under the laws of the State of Idaho. It was stipulated and agreed by the parties that under the governing law for 1963, Boise Cascade Corporation was a non-qualifying corporation, that is, a corporation with less than 50% of its taxable income being taxable by the State of Idaho.

This appeal, therefore, requires a determination of the proper interpretation to be placed on the applicable statutes of the Idaho income tax provisions for the fiscal year ending November 30, 1963.

The pertinent portions of these sections provide as follows:

(1) I.C. § 63–3025A. Tax On Corporate Income—

"A tax is hereby imposed on the taxable income of any corporation *derived from sources within this state*, for each taxable year commencing on or after January 1, 1963 * * *" (Emphasis supplied.)

(2) I.C. § 63–3022. Taxable Income—

"The term 'taxable income' means 'taxable income' as defined in Section 63 of the Internal Revenue Code, adjusted as follows:

\* \* \* \* \* \*

"(f) In the case of a corporation, add the amount deducted under the provisions of Section 243(a) of the Internal Revenue Code (relating to dividends received by corporations) as limited by Section 246 (b) (1) of said code.

"(g) In the case of a corporation, subtract an amount equal to 85 per centum of the amount received during the taxable year as dividends from a qualifying corporation, subject to the rules provided in Section 246(b) (1) of the Internal Revenue Code. For the purpose of this section, a 'qualifying corporation' means a corporation which has shown to the satisfaction of the tax collector that more than 50 per centum of its taxable income for the taxable year immediately preceding the declaration of such dividends was taxable by the state of Idaho under the provisions of this act * * *"

(3) I.C. § 63–3027. Computing Taxable Income of Non-Resident Persons And Any Corporations—

"(a) In computing the taxable income of * * * any corporation with a business situs in this state, income realized from or derived from sources within this state includes:

\* \* \* \* \* \*

"(2) Dividends received from a qualifying corporation as defined in subsection (g) of Section 63–3022, Idaho Code, as amended."

\* \* \* \* \* \*

(4) I.C. § 63–3012. Includes and Including—

"The terms 'includes' and 'including' when used in a definition contained in this act shall not be deemed to exclude other things otherwise within the meaning of the term defined."

Under the Idaho Income Tax Act as it existed in 1963, the basic criterion for determining what is taxable income in Idaho is the *source* of that income. I.C. § 63–3025A; see also Gee v. West, 90 Idaho 173, 409 P.2d 116 (1965). The precise question raised by this appeal, then, is whether dividends received by a domestic corporation from a non-qualifying corporation constitute income derived from sources within this state. It is to be noted that the State Tax Commission found Boise Cascade to be a non-qualifying corporation.

In Barraclough v. State Tax Commission, 75 Idaho 4, 266 P.2d 371 (1954), this

court had occasion to construe the word "sources" and defined it as follows:

"The word 'sources' when used in statutes[1] dealing with sources of income as compensation for personal services has reference not to the person or entity paying for the services, but to the location where the services are performed. It .is generally held that if the income is compensation for labor or services, the place where the labor is performed or services rendered is decisive as being the source of the income." [citations omitted] 75 Idaho at p. 10, 266 P.2d at p. 374.

By analogy, it is our opinion that the word "sources" when used in statutes dealing with sources of income derived from within this state—specifically, dividend income from a non-qualifying corporation—has reference not to the location of the entities issuing or receiving such dividend income, but rather to the location of the business activities wherein these earnings were derived. It is conceded that the activities giving rise to the income represented by these dividends took place at locations, which, for the most part, were outside the State of Idaho.

Our interpretation is further supported by the following authorities cited with approval by this court in John Hancock Mutual Life Insurance Co. v. Neill, 79 Idaho 385, 319 P.2d 195 (1957), in support of the view expressed therein that certain interest income arose within the State of Idaho for the purposes of the taxing statute.[2]

In Union Electric Co.'s Petition, 349 Mo. 73, 161 S.W.2d 968, 143 A.L.R. 141 (1942), the Missouri court held that dividends have their source in the state where the corporation paying them did business and earned them on the theory that such income arises from the use of capital in the place where it is employed:

"It is said that the locus of the source of income is determined as follows: In the case of income derived from labor, it is the place where the labor is performed; in the case of income derived from the use of capital, it is the place where the capital is employed; and in the case of profits from the sale or exchange of capital assets, it is the place where the sale occurs. [citations omitted]" 161 S. W.2d at 970, 143 A.L.R. at p. 144.

Thus where it was found that the actual expenditures of labor and use of capital, as represented by this dividend income, took place without the state, the court there held that its source was outside the state for the purpose of the Missouri statute imposing an income tax upon corporate income "from all sources within this state."

The following statement, taken from the Colorado case of Arvey Corp. v. Fugate, 129 Colo. 595, 272 P.2d 652 (1954) at p. 655, cert. denied 348 U.S. 871, 75 S.Ct. 106, 99 L.Ed. 685, is quoted on page 399 of 79 Idaho, on page 201 of 319 P.2d of the *John Hancock* opinion, supra:

"Of course, the source or origin of any income naturally has a situs, and the decisions, let alone common sense, tell us that the situs is the location of the business activities from which the income is derived."

Likewise, on page 402, on page 203 of 319 P.2d of *Hancock*, supra, we find the following quotation from Merten's work, The

---

1. The statute to which this language was specifically directed read as follows:
   I.C. § 63-3013(b): "The term 'gross income' does not include the following items, which shall be exempt from taxation under this chapter:
   
       *     *     *     *     *
   
   "7. Income of resident persons and domestic corporations of the state of Idaho, from salaries, wages or compensation for personal service, or from the conducting and carrying on of their professions, vocations, trades or businesses, when derived from sources outside of the state of Idaho."

2. That statute provided:
   "I.C. § 63-3040: "(a) In the case of a life insurance company the term 'gross income' means the gross amount of income received during the taxable year from interest, dividends and rents arising within the state of Idaho."

Law of Federal Income Taxation, Vol. 8, §§ 45.27, 45.28 and 45.29:

" 'The Supreme Court has said that income may be derived from three possible sources only: (1) capital and/or (2) labor and/or (3) the sale of capital assets. While the definition seems no longer tied to these restrictive categories, they serve as useful guides in any inquiry into whether a particular item is from "sources within the United States" and suggest an investigation into the nature and location of the activities or property which produce the income. If the income is from *labor* (services) the place where the labor is done should be decisive; if it is done in this country, the income should be from "sources within the United States." If the income is from *capital,* the place where the capital is employed should be decisive; if it is employed in this country, the income should be from "sources within the United States." If the income is from the sale of capital assets, the place where the sale is made should be likewise decisive. Much confusion will be avoided by regarding the term "source" in this fundamental light. *It is not a place; it is an activity or property. As such it has a situs or location;* * * *.*" (Emphasis supplied.)

Moreover, we are guided in our decision by general principles of statutory construction as they pertain to revenue producing statutes.

■ The Idaho Income Tax Act, like all tax statutes, must be construed as favorably as possible to the taxpayer and strictly against the taxing authority. In re Potlatch Forests, Inc., 72 Idaho 291, 240 P.2d 242 (1952); Idaho Gold Dredging Co. v. Balderston, 58 Idaho 692, 78 P.2d 105 (1938).

■ When a statute is amended, it is presumed that the legislature intended it to have a meaning different from that accorded to it before the amendment. McKenney v. McNearney, 92 Idaho 1, 435 P.2d 358 (1967); Wellard v. Marcum, 82 Idaho 232, 351 P.2d 482 (1960); Pigg v. Brockman, 79 Idaho 233, 314 P.2d 609 (1957). This rule of statutory construction is useful not only in determining the meaning of the new law but also in interpreting the old. As this court stated in McKenney v. McNearney, supra, quoting from Continental Oil Co. v. Montana Concrete Co., 63 Mont. 223, 207 P. 116, at page 118 (1922):

" '* * * whenever the Legislature declares that an existing statute is to be amended "to read as follows," etc., it thereby evinces an intention to make the new act a substitute for the old one and that so much only of the original act as is repeated in the new one is continued in force, and all portions omitted from the new act are repealed.' " (citations omitted) 435 P.2d at page 361.

In 1965 the Idaho Legislature amended I.C. § 63–3027 to read in part as follows:

"The Idaho taxable income of * * * any corporation with a business situs in this state shall be computed and taxed in accordance with the rules set forth in this section:

"(a) As used in this section, unless the context otherwise requires:

* * * * * *

"(2) 'Commercial domicile' means the principal place from which the trade or business of the taxpayer is directed or managed.

* * * * * *

"(g) Interest and dividends are allocable to this state if the taxpayer's commercial domicile is in this state unless such interest or dividends constitute business income as defined in this section.

* * * * * *"

By this amendment the legislature expressly abandoned the "income realized from or derived from sources within this state" test and, instead, adopted the "commercial domicile" of the taxpayer test to determine whether dividend income is properly taxable by this state. Under this test such dividend income as was received by the taxpayer from Boise Cascade Corporation is *now* clearly taxable by the virtue of the 1965 amendment.

■■■ Whatever ambiguity there existed under the old statute must be resolved in favor of the taxpayer. In re Potlatch Forests, Inc., supra; Idaho Gold Dredging Co. v. Balderston, supra. There is nothing in the record to indicate that the source of taxpayer's dividend income was derived from within the State of Idaho. All that the record does show is that such income came from Boise Cascade Corporation which had less than 50% of its taxable income being taxable by the State for the fiscal year ending November 30, 1963.

Judgment reversed. Costs to appellant.

TAYLOR, McQUADE, and McFAD-DEN, JJ., and BELLWOOD, D. J., concur.