529 P.2d 782

**DEPARTMENT OF EMPLOYMENT, Plaintiff-Appellant,**

v.

**DIAMOND INTERNATIONAL CORPORATION, Defendant-Respondent.**

No. 11639.

Supreme Court of Idaho.

Dec. 26, 1974.

W. Anthony Park, Atty. Gen., R. LaVar Marsh, Raymond N. Malouf, Asst. Attys. Gen., Boise, for plaintiff-appellant.

Paul McCabe, Coeur d'Alene, for defendant-respondent.

SHEPARD, Chief Justice.

This is an appeal by appellant Department of Employment from a determination by the Industrial Commission holding respondent Diamond International Corporation not liable for the payment of unemployment insurance tax. We affirm.

Kraling and Nelson Construction Company (not a party hereto) had agreed to construct a timber access road in Idaho under a contract with Diamond. The Department of Employment attempted to collect unemployment insurance tax from Kraling and Nelson who were insolvent and unable to pay the tax. Thereupon the Department made demand upon Diamond for such tax, contending that it was liable for the tax since it, Diamond, had made "final payment" without assuring itself Kraling and Nelson had paid the unemployment insurance tax then due or requiring Kraling and Nelson to have furnished a bond for such payment. The Department contends Diamond was required to do so under the provision of I.C. § 72–1355A.

The road construction contract required Diamond to pay a portion of the total contract price to Kraling and Nelson every two weeks. The portion to be so paid was based on work completion percentages established by the U. S. Forest Service. The contract also authorized Diamond to de-

duct 10% from each progress payment. Later payment of that withheld amount was contingent upon the acceptance of all of Kraling's work by the Forest Service. Kraling and Nelson began work in August 1972 and were paid the requisite progress payments, less the 10% holdback until it eventually ceased work without completing the construction contract. Both Kraling and Nelson and Diamond claim that the other breached the contract and that matter is as yet unresolved between the parties. Diamond hired another contractor to finish the construction project. Diamond holds approximately $5,800 due Kraling under the 10% holdback provision and asserts it has been damaged by Kraling's alleged breach of contract in the amount of $9,000.

I.C. § 72–1355A provides as follows:

"Contractors' and principals' liability for contributions.—No covered employee which contracts with any contractor or subcontractor who is a covered employer under the provisions of this act shall make final payment to such contractor or subcontractor for any indebtedness due, until after the contractor or subcontractor has paid or has furnished a good and sufficient bond acceptable to the director for payment of contributions due, or to become due, in respect to personal services which have been performed by individuals for such contractor or subcontractor. Failure to comply with the provisions of this section shall render said covered employer directly liable for such contributions; and the director shall have all of the remedies of collection against said covered employer under the provisions of this act as though the services in question were performed directly for said covered employer."

The crux of this case is interpretation of the "final payment" phrase contained in I.C. § 72–1355A, *supra*. The Department contends that each of the progress payments was a "final payment" for that portion of the contract work that had been performed and that portion of the total contract price then due. Diamond, on the other hand, contends that the phrase "final payment" means the final payment contemplated under the contract at the time of its completion or termination. The statute is ambiguous in this regard and thus we agree with the determination of the Industrial Commission and the position of the respondent herein.

■ Tax statutes are strictly construed against the taxing authority and in favor of the taxpayer and ambiguities therein are to be resolved in favor of the taxpayer. In Re Potlatch Forests, 72 Idaho 291, 240 P.2d 242 (1952); Futura Corp. v. State Tax Commission, 92 Idaho 288, 442 P.2d 174 (1968).

■ The Department contends that I.C. § 72–1355A, *supra,* is directed at out-of-state businesses who perform a contract within Idaho and then leave for the security of their home state without paying the tax. The Department argues that to prevent the evil contemplated by the statute, a covered employer such as Diamond incurs liability under the statute at any time it makes progress payments under a contract which otherwise appears to be nonseverable. In effect, the Department requests this Court to construe the statute as providing that no employer shall make "any" payment to such contractor. If such were the legislative intention, it could have made that intention clear by the use of precise language. In the absence of such legislative authority we cannot assume an intention to place such an additional burden upon a covered employer and will give the words and phrases of this statute the usual plain and ordinary meaning. Nagel v. Hammond, 90 Idaho 96, 408 P.2d 468 (1965). The determination of the Industrial Commission is affirmed. Costs to respondent.

DONALDSON, McQUADE, BAKES and McFADDEN, JJ., concur.