625 P.2d 1106

ADA COUNTY ASSESSOR, Ada County and The Treasurer of Ada County, Appellants,

v.

OFFICE PARTNERSHIP, a Partnership, and Stanley D. Crow, an Individual, and Idaho First National Bank, a National Banking Association, and Trus-Joist Corporation, a Nevada Corporation, Respondents.

No. 13312

Supreme Court of Idaho.

March 23, 1981.

Jim C. Harris, Ada County Pros. Atty., Scott L. Campbell, Deputy Pros. Atty., Boise, for appellants.

Stanely D. Crow, Larry E. Prince, Richard A. Riley, Boise, for respondents.

BAKES, Chief Justice.

This appeal presents the following question: Whether taxable personal property acquired during a given tax year is subject to "back assessment" and taxation in a subsequent tax year.

The taxpayer respondents, Idaho First, Trus-Joist Corp., Crow, and Office Partnership, were sent a Taxpayer's Personal Property Declaration for the 1977 tax year sometime between December 25, and December 31, 1976. As required by regulation, the taxpayers listed additional personal property which they had acquired since the previous year's declaration. The taxpayers returned the declarations to the assessor between February and April of 1977. The assessor concluded that the personal property acquired by the taxpayers during the 1976 tax year had not been assessed, equalized or taxed during that year. As a result, in 1977 the assessor "back assessed" the property purchased during 1976, prorated that amount to reflect part-year ownership, calculated the tax, and sent a bill for additional 1976 taxes to the taxpayers.

The taxpayers timely appealed to the Ada County Board of County Commissioners sitting as a board of equalization. The board upheld the assessor's determination. The taxpayers then timely appealed to the Idaho Board of Tax Appeals, which reversed and ruled that Ada County should refund the monies collected for the back assessed personal property.

The assessor appealed to district court. The case was submitted to the court upon stipulated facts and a motion for summary judgment. After disposing of several procedural and jurisdictional issues not raised on appeal, the district court ruled that the back assessment procedure was illegal.

The assessor had argued that a 1975 amendment to I.C. § 63–1204 demonstrated the legislature's intent to authorize back assessment for property which had escaped assessment during the previous tax year. The district court, however, concluded that the amendments were intended only to permit *collection* of taxes in subsequent tax years, and not the back assessment procedure utilized by the Ada County assessor. In support of its conclusion, the district court noted that I.C. § 63–102 provides for an annual assessment of both real and personal property as of January 1 in the year of which taxes are levied, except for certain express exceptions not applicable here. *See* I.C. §§ 63–102, –105S, –207, and –1203. *See also* I.C. § 63–1904. The assessor now appeals, contending that the district court's opinion and judgment were in error.

While exemptions from tax laws are construed strongly against the taxpayer claiming the exemption, *Xerox Corp. v. Ada County Assessor*, 101 Idaho 138, 609 P.2d 1129 (1980), general laws imposing taxes are to be construed strongly against the taxing authority and in favor of the taxpayer. *Department of Employment v. Diamond Intl. Corp.*, 96 Idaho 386, 529 P.2d 782 (1974); *Futura Corp. v. State Tax Comm'n*, 92 Idaho 288, 442 P.2d 174 (1968). Reviewing the statutes in question in light of that rule of construction, we affirm the decision below for the reasons articulated by the district court in its opinion.

The summary judgment entered in favor of the taxpayers is affirmed. Costs to respondents.

McFADDEN, BISTLINE, DONALDSON and SHEPARD, JJ., concur.