735 P.2d 1044

**FIRST SECURITY BANK OF IDAHO, N.A., Plaintiff-Respondent,**

v.

**STATE of Idaho, DEPARTMENT OF TRANSPORTATION, DIVISION OF AERONAUTICS, Defendants-Appellants,**

**and**

**Ada County, Idaho; Ada County Assessors Office, Defendants.**

No. 16376.

Court of Appeals of Idaho.

Dec. 9, 1986.

734

Jim Jones, Atty. Gen., Robert L. Trabert (argued), Patrick Fanning and Leonard Garnett Hill, Dept. of Transp., Boise, for defendants-appellants.

Greg H. Bower, Ada County Pros. Atty., Stephen A. Bradbury, Deputy Pros. Atty., Boise, for Ada County, amicus curiae.

Richard Fields (argued), Thomas C. Mannschreck and Jeffrey A. Strother (Moffatt, Thomas, Barrett & Blanton), Boise, for plaintiff-respondent.

WALTERS, Chief Judge.

This case deals with the tax exempt status of airplanes in Idaho. The question we must answer is whether all *registerable* aircraft, or only properly *registered* aircraft in the state, are exempt from personal property taxes. From 1981 to 1984, First Security Bank (FSB) failed to register an airplane owned and operated by it within the state. In 1985, the Ada County Tax Assessor assessed FSB for personal property taxes on the plane. On appeal from a decision by the Idaho Board of Tax Appeals upholding the assessment, the district court held that even though the plane was not registered, it was nevertheless exempt from personal property taxes. The Department of Transportation appeals. We reverse.

The facts of this case are relatively simple. From 1981 to 1984, FSB owned and operated an airplane within the state. However, FSB failed to register or pay the registration fee on the airplane as required by I.C. § 21–114. This statute provides that the applicable registration fee is in lieu of all personal property taxes. In 1985, the Ada County Tax Assessor, upon learning that the plane was not registered, assessed FSB for the personal property taxes on the plane for 1984. When it received notice of the assessment, FSB attempted to pay the past years' delinquent registration fees, but the offer was refused by the assessor. After a hearing, the board of tax appeals ruled that assessment of taxes on the plane was proper. FSB appealed that decision to the district court which reversed the tax board. The district court held that the payment of registration fees was intended to replace personal property taxes on all aircraft that are required to be registered. Therefore, reasoned the court, if a plane *should* be registered, it is exempt from taxation, regardless of whether or not it *is* registered.

We are concerned here with I.C. § 21–114 which states in part:

*Registration of pilots and aircraft— Requisites.*

. . . . .

(b) Aircraft Registration—Fees.

(1) Private Aircraft. Subject to the limitations of subsections (c) and (d) of this section, every aircraft operating within this state and/or holding a currently valid airworthiness certificate and a currently valid annual inspection or progressive inspection system issued by the appropriate federal agency, shall be registered with the department for each

annual registration year in which the airplane is operated within this state.... The department may charge [a fee] for each such registration, ... provided that such fee shall be in lieu of all personal property taxes on such aircraft.

The overall intent of this part of the statute is not difficult to discern. Generally, operational planes within the state have to be registered with the Transportation Department. The department has the discretion of charging a registration fee based on the load capacity of the plane. That fee is in lieu of all personal property taxes. Clearly, a registered aircraft is exempt from taxation. However, we cannot conclude that the statute clearly answers the specific question of whether an aircraft which should be registered, but which is not, also qualifies for the exemption.

■ When this Court is faced with construing a statute, we must endeavor to effectuate the intent of the legislature. *Gumprecht v. City of Coeur d'Alene*, 104 Idaho 615, 661 P.2d 1214 (1983). General laws which impose taxes are construed strictly against the taxing authority and in favor of the taxpayer. *Ada County Assessor v. Office Partnership*, 102 Idaho 103, 625 P.2d 1106 (1981). However, statutes which grant tax exemptions are construed against the taxpayer and in favor of the taxing authority. *Appeal of Sunny Ridge Manor, Inc.*, 106 Idaho 98, 675 P.2d 813 (1984).

Exemptions are never presumed. The burden is on a claimant to establish clearly a right to exemption. An alleged grant of exemption will be strictly construed. It must be in terms so specific and certain as to leave no room for doubt.

*Upper Columbia Mission Society v. Kootenai County*, 93 Idaho 880, 882–83, 477 P.2d 503, 505–06 (1970) (quoting *Bistline v. Bassett*, 47 Idaho 66, 71, 272 P. 696, 697 (1928)).

As noted by the district court, the legislature enacted the aircraft registration provisions in 1947. *See* Uniform State Aeronautics Department Act, Chapter 153, 1947 Idaho Sess. Laws 378. The Act was intend-

ed to "promote, foster, and encourage aeronautics and to regulate the use of aircraft in the State of Idaho." *Id.* FSB would have us hold that the exemption applies in this case because it comports with the intent to encourage aeronautics. However, the legislative purpose also embraces regulation of the use of aircraft. Registration is part of the regulatory scheme. The legislature's full purpose of encouraging aeronautics and regulating aircraft is not served by conferring a tax advantage on owners who fail to register. It is served only by providing a tax exemption upon registration.

FSB also directs our attention to changes in the automobile registration statutes, which clearly exempt only properly registered automobiles from taxation. FSB asserts that if the legislature had intended similar restrictions on the aircraft tax exemption, it would have altered the aircraft registration statutes also. *See, e.g.,* I.C. § 49–133. Admittedly, a clearer explanation of legislative intent would be welcomed in this case. However, we do not view the fact that one statute is more clearly written than another statute as necessarily demanding an alternative interpretation of the less clear statute. We do not find FSB's arguments to be persuasive. There are other reasons, such as the simply greater numbers of automobiles and resulting greater attention that these numbers may engender that may account for the changes in the automobile statutes.

■ Here, because legislative intent as it pertains to the question before us is not clear, we must base our holding on the previously stated, well-defined rules of statutory construction. The claimant, FSB, has not met its burden of clearly establishing its right to the exemption. The exemption as urged by FSB is not stated in specific and certain terms that leave no room for doubt. Finally, we view our holding as being consistent with the legislature's stated intention of promoting *and* regulating aircraft. Accordingly, we conclude that I.C. § 21–114 requires that an airplane be registered in order to qualify for the tax exemption. If the plane is required to be

registered, but is not, the tax exemption does not apply.

Little case law exists which addresses the specific question with which we are faced. However, we note that at least one other court has reached a conclusion consistent with our holding in this case. In *Cincinnati Air Taxi, Inc. v. Bowers,* 173 Ohio St. 99, 180 N.E.2d 17 (1962) the Ohio Supreme Court dealt with an identical issue. The Ohio statutes in question provided for the registration and licensing of aircraft, including the levying of a license tax. That license tax was in lieu of all other taxes. When an Ohio aircraft was not registered on the deadline date for registration for three years, the tax commissioner assessed the plane for personal property taxes. On appeal, the Ohio Supreme Court upheld the levy, pointing out that the licensing and registration statute put aircraft owners in a preferred class, but that complying with the registration statute was a prerequisite to receiving the favorable tax status. The court held that the failure to license the plane made it susceptible to taxation the same as other personal property. The court also noted that it was the failure of the obligated party to avail itself of the favorable tax advantages that resulted in the assessment of the personal property taxes. We have the same situation here. FSB had an opportunity to register its aircraft and avail itself of the favorable tax status offered by the Idaho statute. It did not do so. Therefore, the plane was subject to assessment as personal property.

We are unpersuaded by any assertion by FSB that it did not have notice of the registration requirements. "Our entire legal system is based upon the principle that persons are charged with constructive knowledge of the statutes and laws." *Powers v. Canyon County,* 108 Idaho 967, 970, 703 P.2d 1342, 1345 (1985).

The decision of the district court is reversed and the case remanded. On remand, the district court is directed to enter summary judgment affirming the decision of the board of tax appeals. Costs to appellants. No attorney fees on appeal.

BURNETT and SWANSTROM, JJ., concur.