5 P.2d 981

**Sharon BROCK, Plaintiff–Appellant,**

v.

**BOARD OF DIRECTORS, INDEPENDENT SCHOOL DISTRICT NO. 1, Defendant–Respondent.**

No. 24901.

Supreme Court of Idaho,
Moscow, April 2000 Term.

June 30, 2000.

John E. Rumel, Boise, for appellant.

Clements, Brown & McNichols, Lewiston, for respondent. Robert P. Brown argued.

SCHROEDER, Justice.

Sharon Brock (Brock) appeals the district court's decision granting summary judgment in favor of the Board of Directors, Independent School District No. 1. The district court determined that Idaho Code § 33–517(2)(i) does not create a private tort right of action. This Court affirms the decision of the district court.

## I.

## BACKGROUND AND PRIOR PROCEEDINGS

Brock is employed by the Lewiston Independent School District (School District) as a bus driver, which is a non-certificated position including employees who are neither teachers nor administrators. As a bus driver, Brock has responsibility for the care and safety of the bus riders and for control of student conduct while riding the bus. The driver is permitted to issue a "conduct slip" to control unruly riders. These slips commence a disciplinary proceeding in which the students, parents, and school administrators are notified. Appropriate action is then taken by the administrators.

On October 4, 1995, Brock issued a conduct slip to a group of students for loud singing. The matter was reviewed by the principal of Lewiston High School who determined the conduct could be dealt with in a more efficient manner and promptly issued a letter informing Brock of his decision. Brock filed a grievance pursuant to Idaho Code § 33–517(2), because she was upset by the contents of the letter. The grievance was resolved when the principal issued another letter to Brock on October 26, 1995, apologizing for any personal offense, but reiterating that Brock could have handled this situation more effectively.

In early November of 1995, Brock's supervisor asked Brock to install a video camera on her bus to help monitor the interaction with students. Brock stopped using the video camera on January 3, 1996. On February 23, 1996, Brock issued a conduct slip to a student for talking to another student in the back of the bus. Her supervisor asked for the videotape, whereupon he discovered that Brock had removed the equipment at the earlier date. The School District issued a

letter of reprimand to Brock which was placed in her personnel file.

Brock filed a grievance in accordance with Idaho Code § 33–517(2)(i), alleging that the letter of reprimand constituted a reprisal of her previous action in October of 1995. Brock's grievance was eventually submitted to a hearing panel on July 11, 1996. The Panel decided it would not remove the letter of reprimand from Brock's file, but recommended that it remain in her file until October of 1996, approximately seven months. Brock appealed this decision to the School District.

The School District determined that the letter of reprimand should remain in Brock's personnel file for two years from the date it was issued. Brock filed a complaint in district court on September 23, 1996, seeking (1) a reversal of the School District's decision to leave the letter of reprimand in her file for a period of two years, and (2) a determination that the School District's actions constituted a reprisal against her for her previous grievance. In conjunction with the second claim, Brock sought tort damages for emotional distress, pain and suffering and loss of reputation, in an amount exceeding $25,000.

The School District filed a motion for summary judgment. The district court granted the motion, holding that (1) the first claim was moot because her letter had been removed, and (2) Idaho Code § 33–517(2)(i) does not create a private tort right of action. Brock's appeal addresses the sole issue of whether Idaho Code § 33–517 creates a private tort right of action.

## II.

### STANDARD OF REVIEW

■ When reviewing the district court's ruling on a motion for summary judgment, this Court employs the same standard as the district court when originally ruling on the motion. *See, e.g., First Sec. Bank of Idaho, N.A. v. Murphy*, 131 Idaho 787, 790, 964 P.2d 654, 657 (1998); *Richards v. Idaho State Tax Comm'n*, 131 Idaho 476, 478, 959 P.2d 457, 459 (1998). Summary judgment is proper when there is no genuine issue of material fact and the moving party is entitled to judg-

ment as a matter of law. I.R.C.P. 56(c); *Murphy*, 131 Idaho at 790, 964 P.2d at 657.

## III.

### IDAHO CODE SECTION 33–517 DOES NOT CREATE A PRIVATE TORT RIGHT OF ACTION

Idaho Code § 33–517(2)(i) provides the following:

**33–517. Noncertificated personnel.**-The board of trustees of each school district including any specially chartered district, shall have the following powers and duties:

(2) To provide a grievance procedure for noncertificated employees of the district which meets the minimum standards of paragraphs (a) through (i) of this subsection. In the event a grievance procedure is not provided, the following grievance procedure shall apply.

(i) Neither the board nor any member of the administration shall take reprisals affecting the employment status of any party in interest.

Idaho Code § 33–517 does not expressly create a private tort right of action. Under some circumstances, however, the Court will recognize such a right of action to fulfill the purposes of a legislative act. In *White v. Unigard Mut. Ins. Co.*, 112 Idaho 94, 730 P.2d 1014 (1986), the Court recognized the principles set forth in the RESTATEMENT (SECOND) OF TORTS § 874A (Tort Liability for Violation of Legislative Provision):

When a legislative provision protects a class of persons by proscribing or requiring certain conduct but does not provide a civil remedy for the violation, the court may, if it determines that the remedy is appropriate in furtherance of the purpose of the legislation and needed to assure the effectiveness of the provision, accord to an injured member of the class a right of action, using a suitable existing tort action or a new cause of action analogous to an existing tort action.

*Id.* at 101, 730 P.2d at 1021 (quoting the RESTATEMENT (SECOND) OF TORTS § 874A).

The Court expressed the limited nature of the principle creating a private tort right of action in *Foster v. Shore Club Lodge, Inc.*, 127 Idaho 921, 926, 908 P.2d 1228, 1233 (1995), stating that "when a statute is silent regarding private enforcement, courts may recognize a private right only when it is necessary to assure the effectiveness of the statute." In *Yoakum v. Hartford Fire Ins. Co.*, 129 Idaho 171, 176, 923 P.2d 416, 421 (1996), the Court noted that "in absence of strong indicia of a contrary legislative intent, courts must conclude that the legislature provided precisely the remedies it considered appropriate."

■ There is no legislative history indicating an intent to create a private tort action and there is nothing within the act itself which indicates the need for a private tort action to fulfill the purpose of the act. The legislation significantly expanded the rights and protections of non-certificated employees by the creation of a grievance procedure with a right to judicial review of that process. The remedies provided by the act are adequate to fulfill the act's purposes. The district court properly granted summary judgment in favor of the School District.

## IV.

### CONCLUSION

The decision of the district court granting summary judgment to the School District is affirmed. Costs are awarded to the School District. No attorney fees are awarded.

Chief Justice TROUT, Justices SILAK, WALTERS and KIDWELL concur.