999 P.2d 877

**U.S. BANK NATIONAL ASSOCIATION,**
a national banking corporation,
Plaintiff,

v.

Ronald L. KUENZLI, Ida Marie
Kuenzli, and Clarence Mel
Dennett, Defendants.

Clarence Mel Dennett, Cross Claimant–
Respondent—Cross–Appellant,

v.

Ronald L. Kuenzli and Ida Marie Kuenz-
li, Cross Defendants–Appellants—
Cross Respondents.

No. 24788.

Supreme Court of Idaho,
Boise, December 1999 Term.

April 25, 2000.

Frank W. Stoppello Attorneys at Law, Boise, for appellants. Frank W. Stoppello argued.

Risch, Goss, & Insinger, Boise, for respondent. John B. Insinger argued.

SILAK, Justice.

## NATURE OF THE CASE

This is an appeal from an order of summary judgment granted by the district court. The controversy underlying this appeal involves a real estate transaction between respondent Clarence Mel Dennett (Dennett) and appellants Ronald and Ida Marie Kuenzli (the Kuenzlis). We affirm.

## I.

## FACTS AND PROCEDURAL BACKGROUND

### A. Facts

The facts in this case were succinctly summarized by the Court of Appeals as follows:

In March 1984, Mel Dennett entered into an agreement with Ronald L. and Ida Marie Kuenzli for the sale of farm property. Although Dennett's initial asking price was $400,000, he agreed to sell the land to the Kuenzlis for $300,000. The purchase price, plus interest, was payable in twenty annual installments. The agreement provided that if the Kuenzlis prepaid the balance at any time during the life of the contract they would also be required to pay a $100,000 prepayment penalty. The parties appointed an escrow agent to hold the conveyance documents and to process the payments.

Approximately four months later, in July of 1984, the parties executed an option agreement giving Dennett the right to repurchase the same real property at any time during the existence of the escrow. By terms of the option agreement, if Dennett elected to repurchase the property he would be required to pay the amount of all principal and interest previously paid by the Kuenzlis, plus the principal balance that was yet unpaid by them (which would, by offset, effectively cancel the Kuenzlis'

liability for the balance under the original sale contract), plus $15,000.

During the fall of 1993, the Kuenzlis discovered that the farm property had greatly increased in value. To enjoy the benefit of this appreciation, the Kuenzlis decided to sell the property. Before doing so, in October 1993, the Kuenzlis called Dennett to inform him of their intention to list the property with a real estate agent and to inquire whether it would cause adverse tax consequences for Dennett if the Kuenzlis were to prepay the contract balance. Dennett did not express any opposition to the sale of the property and said that he would not suffer any tax disadvantages from prepayment. On December 7, 1993, the Kuenzlis entered into an earnest money agreement to sell the property to a third party for $975,000. However, two days later Dennett gave the Kuenzlis written notice that he was exercising his right to repurchase the property under the option agreement. In response, the Kuenzlis attempted to terminate Dennett's right to exercise the option by prepaying the remaining purchase price, including the $100,000 prepayment penalty, but this payment was refused by the escrow agent at Dennett's instruction. Dennett then tendered the amount required for exercise of the option and demanded that the Kuenzlis convey the property to him. The Kuenzlis refused. Consequently, Dennett brought an action seeking specific performance of the option agreement. The Kuenzlis counterclaimed requesting specific performance of the land sale contract or, alternatively, damages. Following a court trial, the district court granted judgment to Dennett and ordered that the Kuenzlis perform pursuant to the terms of the option agreement.

*Dennett v. Kuenzli,* 130 Idaho 21, 24, 936 P.2d 219, 222 (1997) (*Dennett I* ). The Court of Appeals affirmed the district court's specific performance award. *See id.* at 32, 936 P.2d at 230. Dennett took possession of the property on May 15, 1997, and an escrow contract was signed by the Kuenzlis on June 10, 1997.

## B. Procedural Background

On June 23, 1997 a notice of default was prepared by the Kuenzlis' attorney. The notice of default alleged that Dennett had failed to make the $30,000 installments for 1994, 1995, and 1996, the three years between Dennett's attempted exercise of the option and the district court's specific performance award. Dennett paid $99,183.25, representing the allegedly delinquent installments plus interest, "under protest" to U.S. Bank, the escrow agent. On August 22, 1997, U.S. Bank filed a verified complaint for interpleader, requesting that the district court determine who was entitled to the $99,183.25 paid by Dennett.

Dennett filed a cross-claim against the Kuenzlis seeking declaratory judgment and other relief on September 23, 1997. The district court granted summary judgment in favor of Dennett, ruling that Dennett was not in default because there was no enforceable contract between the parties until the Kuenzlis executed the sale and purchase agreement on June 10, 1997. The district court ruled that Dennett was therefore entitled to the disputed money, plus interest and other damages. A judgment in Dennett's favor was entered on April 24, 1998. On August 4, 1998, the district court issued a memorandum decision ruling that Dennett was entitled to $6,015.04 in damages, $6,500 in attorney fees and $55 in costs.

The Kuenzlis appealed. This appeal was consolidated by order of this Court with *Dennett v. Kuenzli*, 134 Idaho 229, 999 P.2d 884 (2000), for purposes of briefing and oral argument.

## II.

### ISSUES ON APPEAL

The Kuenzlis present the following issues on appeal:

A. Whether the district court erred in finding Dennett's cross-claim was not barred by *res judicata* and collateral estoppel.

B. Whether the district court erred in reforming the real estate contract between Dennett and Kuenzli, effectively amending the judgment entered in *Dennett I*.

C. Whether the district court erred in awarding damages to Dennett consisting of interest and loan origination fees in the amount of $1,500.

D. Whether the Kuenzlis are entitled to an award of attorney fees in this appeal under Section 12–120(3) of the Idaho Code.

On cross-appeal, Dennett raises the following issues:

E. Whether the district court erred in offsetting the cost of servicing the loan by the amount the clerk stated would have been earned on the deposited money had the money been in an interest-bearing account.

F. Whether the district court erred in awarding an amount for attorney fees less than those actually incurred by Dennett.

## III.

### STANDARD OF REVIEW

In an appeal from an order granting summary judgment, this Court's standard of review is the same standard used by the district court in ruling on a motion for summary judgment. *See, e.g., First Security Bank v. Murphy*, 131 Idaho 787, 790, 964 P.2d 654, 657 (1998); *Richards v. Idaho State Tax Comm'n*, 131 Idaho 476, 478, 959 P.2d 457, 459 (1998). Summary judgment is appropriate only when the pleadings, depositions, affidavits and admissions on file show that there is no genuine issue of material fact and the movant is entitled to judgment as a matter of law. *See Murphy*, 131 Idaho at 790, 964 P.2d at 657.

## IV.

### ANALYSIS

### A. The District Court Correctly Ruled that Dennett's Cross–Claim Was Not Barred By *Res Judicata* And Collateral Estoppel.

The Kuenzlis argue that Dennett's cross-claim to the interpleader should be barred

under the doctrines of *res judicata* and collateral estoppel.

### 1. *Res judicata*

██ It is "well established" in Idaho law that "in an action between the same parties upon the same claim or demand, the former adjudication concludes parties and privies not only as to every matter offered and received to sustain or defeat the claim but also every matter which might and should have been litigated in the first suit." *Farmers Nat. Bank v. Shirey*, 126 Idaho 63, 70, 878 P.2d 762, 769 (1994) (quoting *Joyce v. Murphy Land & Irr. Co.*, 35 Idaho 549, 553, 208 P. 241, 242–43 (1922)). Under the doctrine of *res judicata*, or claim preclusion, "a valid and final judgment rendered in an action extinguishes all claims arising out of the same transaction or series of transactions out of which the cause of action arose." *Diamond v. Farmers Group, Inc.*, 119 Idaho 146, 150, 804 P.2d 319, 323 (1990).

██ The district court ruled that *res judicata* did not bar Dennett's cross-claim because the issue of whether the Kuenzlis' initial breach of the option agreement excused further performance by Dennett was not ripe at the time Dennett sought specific performance. The Kuenzlis argue that Dennett's cross claim should nonetheless be barred because it arose out of the same "transaction or series of transactions" as the previous litigation. *See Diamond*, 119 Idaho at 150, 804 P.2d at 323 (citing RESTATEMENT (SECOND) OF JUDGMENTS § 24 (1982)).

*Res judicata* does not apply to Dennett's cross-claim in the interpleader action because Dennett's right to the money deposited with U.S. Bank could not have been asserted during the earlier litigation. The notice of default, which prompted deposit of the $99,-183.25, was not delivered until after the earlier litigation had run its course. It would have been impossible for Dennett to have claimed the disputed money before that money had been demanded or deposited with the escrow agent. Dennett's cross-claim was not, therefore, a claim which "might and should have been litigated under the first suit." *Farmers Nat. Bank*, 126 Idaho at 70, 878 P.2d at 769.

The Kuenzlis' argument with respect to Restatement § 24 is unpersuasive. Under the circumstances of this case, the second claim is not barred even under the Restatement's "transactional" approach. The Restatement's definition of "transaction" does not contemplate an event of buying or selling:

> It should be emphasized that the concept of a transaction is here used in the broad sense it has come to acquire in the interpretation of statutes and rules governing pleading and other aspects of civil procedure. Thus the overtones of voluntary interchange often associated with the term in normal speech do not obtain.

RESTATEMENT (SECOND) OF JUDGMENTS § 24, cmt. *b* (1982). The Restatement approach allows a second suit to proceed when justified by post-judgment developments:

> Material operative facts occurring after the decision of an action with respect to the same subject matter may in themselves, or in conjunction with the antecedent facts, comprise a transaction which may be made the basis of a second action not precluded by the first.

RESTATEMENT (SECOND) OF JUDGMENTS § 24, cmt. *f* (1982). The Kuenzlis' notice of default and the resultant interpleader action are "material operative facts" comprising a second "transaction" and allowing a "second action not precluded by the first." *See id.* We hold that *res judicata* does not bar Dennett's cross-claim to the interpleader action.

### 2. Collateral estoppel

██ While the Kuenzlis list as an issue on appeal whether Dennett's cross-claim is barred by collateral estoppel, the issue is not addressed in the argument section of the Kuenzlis' brief. Where a party raises an issue on appeal but fails to support the alleged error with argument and authority, the party is deemed to have waived the issue. *See East v. West One Bank*, 120 Idaho 226, 231, 815 P.2d 35, 40 (Ct.App.1991) (citing *State v. Burris*, 101 Idaho 683, 684 n. 1, 619 P.2d 1136, 1137 n. 1 (1980); I.A.R. 35(a)(6)). Accordingly, we hold that the Kuenzlis have

waived their argument that Dennett's claim is barred by collateral estoppel.

## B. The District Court Did Not Err In Reforming The Real Estate Contract Between Dennett And The Kuenzlis.

The judgment entered by the district court states that the real estate contract was not binding on both parties until June 10, 1997, and that Dennett's "first $30,000 payment of principal and interest on the Real Estate Contract purchase price balance [was] due on November 15, 1998, and therefore Dennett did not breach the Real Estate Agreement by failing to make payments therein in 1994, 1995, 1996. . . ."

The Kuenzlis argue that the district court erred in reforming the escrow agreement because reformation is not the proper remedy for a party's failure to perform under a contract, and that the district court failed to find the necessary elements to grant the remedy of reformation. The Kuenzlis cite *Collins v. Parkinson*, in which this Court stated:

> [A] court is acting properly in reforming an instrument when it appears from the evidence . . . that the instrument does not reflect the intentions of the parties and that such failure is the product of a mutual mistake, a mistake on the part of the parties to the instrument.

96 Idaho 294, 296, 527 P.2d 1252, 1254 (1974). The Kuenzlis argue that since the district court made no findings concerning mutual mistake, reforming the contract was erroneous.

■ This argument is unpersuasive. This Court has also held that equity will not intervene to change the terms of a contract unless it produces unconscionable harm, is unlawful, or violates public policy. *See City of Boise v. Bench Sewer Dist.*, 116 Idaho 25, 30, 773 P.2d 642, 647 (1989) (citing *Quintana v. Anthony*, 109 Idaho 977, 712 P.2d 678 (Ct.App.1985)). To allow the Kuenzlis to collect installments for the three years during which they refused to honor the option agreement and remained in possession of the property would be unconscionable. The option agreement states that the installments

would be due "on November 15th of the year following purchase, and a like amount on or before November 15 of each year thereafter until paid in full. . . ." The evidence clearly established that the parties intended that the annual installments would be due the year after the sale was completed. Given the terms of the option agreement, we hold that the district court did not err in ruling that Dennett was not required to pay the annual installments until November 15, 1998, one year after the sale of the property was executed.

## C. The District Court Did Not Err In Awarding Damages To Dennett Consisting Of Interest And Loan Origination Fees.

The district court awarded Dennett special damages to compensate Dennett for the amount of interest that accumulated on the loan which Dennett secured in order to cure the alleged default involved in this appeal. The Kuenzlis argue that the district court intended the damages to redress a breach of the option agreement caused by the Kuenzlis' refusal to sign the land purchase agreement. The Kuenzlis argue that the court sought to impose damages "as a result of the Kuenzlis' breach of contract *before they signed the contract*," which the Kuenzlis claim is "inconsistent with the [district court's] finding that there was no enforceable contract between the parties" until the Kuenzlis signed the contract on June 10, 1997. The Kuenzlis further argue that any claim for such damages was barred by *res judicata* because Dennett failed to seek such damages during the previous action for specific performance.

■ This argument mischaracterizes the reason for which the district court awarded the damages. The district court awarded these damages because the Kuenzlis breached the purchase agreement by wrongfully giving notice of default. Because of the wrongful notice, Dennett was required to borrow almost $100,000 to prevent forfeiture of his interest in the real estate. The court awarded damages to compensate Dennett for the interest he incurred under that loan, which Dennett obtained after the Kuenzlis

signed the contract. We hold that the district court did not err in awarding these damages to Dennett.

The Kuenzlis argue that the district court also erred in awarding loan origination fees to Dennett in the amount of $1,500 because an affidavit, which was submitted by an officer of the bank from which the loan was secured, stated that the origination fee was only $991.83. Dennett concedes in his brief that the amount awarded by the district court was erroneous, and stipulates that the damages should be reduced by $508.17, the difference between the amount awarded and the actual origination fee.

### D. The Kuenzlis Are Not Entitled To An Award Of Attorney Fees In This Appeal Under I.C. § 12–120(3).

Since Dennett is the overall prevailing party on appeal, the Kuenzlis are not the prevailing party and therefore are not entitled to attorney fees under I.C. § 12–120(3).

### E. The District Court Erred In Offsetting The Cost Of Servicing The Loan By The Amount The Clerk Stated Would Have Been Earned On The Deposited Money Had The Money Been In An Interest-bearing Account.

The district court found that the interest on the loan which Dennett obtained in order to respond to the Kuenzlis' wrongful notice of default amounted to a total of $7,500. The district court ruled, however, that the award should be offset by the amount of interest that the interpled money would have earned if the court had deposited it in an interest-bearing account. The district court found that the money would have accrued $2,984.96 if it had been earning interest during the litigation, and reduced Dennett's damages by that amount. Dennett argues that the district court erred by offsetting the damages in this manner.

 The district court's reasoning for reducing Dennett's damages is imprecise, but seems to be based on the plaintiff's duty to mitigate his or her damages. "The duty to mitigate, also known as the 'doctrine of

avoidable consequences,' provides that a plaintiff who is injured by actionable conduct of a defendant is ordinarily denied recovery for damages which could have been avoided by reasonable acts...." *Margaret H. Wayne Trust v. Lipsky*, 123 Idaho 253, 261, 846 P.2d 904, 912 (1993). The district court apparently believed that Dennett was somehow responsible for the district court's failure to deposit the interpled money in an interest-bearing account, and was therefore not entitled to recover the amount of interest which would have accrued on the deposited sum. The record reflects that the parties intended that an interest-bearing account be used, and that it was an error on the court's part that the money was not placed in such an account.

Under such circumstances, it cannot be said that Dennett failed to take reasonable actions to mitigate his damages. Therefore, we hold that the district court erred in offsetting Dennett's damages by the amount of interest that would have accrued if the money were deposited in an interest-bearing account.

### F. The District Court Did Not Err In Awarding Attorney Fees Less Than Those Actually Incurred By Dennett.

After the district court ruled that Dennett would be entitled to recover attorney fees, Dennett submitted a memorandum documenting and requesting approximately $15,000 in attorney fees. The district court later issued a memorandum decision awarding only $6,500 in attorney fees. The district court's decision did not make any express findings for its award. Dennett argues that the district court erred in awarding the reduced amount of fees.

 The party appealing a trial court's award of fees bears the burden of demonstrating a clear abuse of the trial court's discretion. *See Brinkman v. Aid Ins. Co.*, 115 Idaho 346, 350–51, 766 P.2d 1227, 1231–32 (1988). Idaho Rule of Civil Procedure 54(e)(3) provides a list of factors for trial courts to consider when determining the amount of attorney fees. This Court has held that a lack of written findings regarding

the factors set forth in I.R.C.P. 54(e)(3), in itself, cannot be considered a manifest abuse of discretion. *See Brinkman,* 115 Idaho at 351, 766 P.2d at 1232. The *Brinkman* Court further observed: "The significance of written findings is to provide the reviewing court with adequate information to review. Here, the profile of the record provides enough information to presume that the trial judge considered the other pertinent factors enumerated in the statute." *Id.*

 The district court provided no written findings supporting its determination that Dennett was entitled to $6,500 in attorney fees. The only portion of the record which addresses the district court's award is the Kuenzlis' motion to disallow fees, which argued that Dennett's request for fees was unreasonable. While the district court should ideally provide some written findings to support its award of fees, we hold that in this case, as in *Brinkman,* the "profile of the record provides enough information to presume" that the district court considered the pertinent factors of I.R.C.P. 54(e)(3). We therefore hold that the district court did not abuse its discretion in making its award of fees. *See Brinkman,* 115 Idaho at 351, 766 P.2d at 1232.

### V.

### CONCLUSION

We hold that Dennett's cross-claim was not barred by the doctrine of *res judicata.* The district court did not err in awarding damages to Dennett, except that the damages for the loan origination fee should be reduced by $508.17. Accordingly, we remand the case for correction of the judgment. The Kuenzlis are not entitled to attorney fees or costs on appeal.

With respect to Dennett's cross-appeal, we conclude that the district court erred in offsetting the cost of servicing the loan by the amount which would have been earned on the deposited money had the money been in an interest-bearing account. We therefore vacate the judgment and remand for entry of a judgment without the offset for interest. We also hold that the district court did not err in awarding an amount for attorney fees less than those actually incurred by Dennett. Costs on appeal are awarded to Dennett as prevailing party.

Chief Justice TROUT, Justices SCHROEDER, WALTERS, and KIDWELL, concur.