999 P.2d 884

Mel DENNETT, Plaintiff–Appellant–Cross Respondent,

v.

Ronald L. KUENZLI and Ida Marie Kuenzli, husband and wife, Defendants, Respondents—Cross Appellants.

Mel Dennett, as an individual, and in his capacity as trustee of the Mel Dennett Living Trust, Plaintiff–Appellant,

v.

Ronald L. Kuenzli and Ida Marie Kuenzli, husband and wife, Defendants–Respondents.

Nos. 24240, 24388.

Supreme Court of Idaho, Boise, December 1999 Term.

April 25, 2000.

**230**

Risch, Goss, & Insinger, Boise, for appellant. John R. Insinger argued.

Frank W. Stoppello Attorneys at Law, Boise, for respondents. Frank W. Stoppello argued.

SILAK, Justice.

## NATURE OF THE CASE

This is a consolidated appeal from the district court's order granting summary judgment in two cases. The underlying controversy involves a real estate transaction between Appellant Clarence Mel Dennett (Dennett) and Respondents Ronald and Ida Marie Kuenzli (the Kuenzlis). We affirm.

## I.

## FACTS AND PROCEDURAL BACKGROUND

### A. Facts

The facts in this case were succinctly summarized by the Court of Appeals as follows:

In March 1984, Mel Dennett entered into an agreement with Ronald L. and Ida Marie Kuenzli for the sale of farm property. Although Dennett's initial asking price was $400,000, he agreed to sell the land to the Kuenzlis for $300,000. The purchase price, plus interest, was payable in twenty annual installments. The agreement provided that if the Kuenzlis prepaid the balance at any time during the life of the contract they would also be required to pay a $100,000 prepayment penalty. The parties appointed an escrow agent to hold the conveyance documents and to process the payments.

Approximately four months later, in July of 1984, the parties executed an option agreement giving Dennett the right to repurchase the same real property at any time during the existence of the escrow. By terms of the option agreement, if Dennett elected to repurchase the property he would be required to pay the amount of all principal and interest previously paid by the Kuenzlis, plus the principal balance that was yet unpaid by them (which would, by offset, effectively cancel the Kuenzlis' liability for the balance under the original sale contract), plus $15,000.

During the fall of 1993, the Kuenzlis discovered that the farm property had greatly increased in value. To enjoy the benefit of this appreciation, the Kuenzlis

decided to sell the property. Before doing so, in October 1993, the Kuenzlis called Dennett to inform him of their intention to list the property with a real estate agent and to inquire whether it would cause adverse tax consequences for Dennett if the Kuenzlis were to prepay the contract balance. Dennett did not express any opposition to the sale of the property and said that he would not suffer any tax disadvantages from prepayment. On December 7, 1993, the Kuenzlis entered into an earnest money agreement to sell the property to a third party for $975,000. However, two days later Dennett gave the Kuenzlis written notice that he was exercising his right to repurchase the property under the option agreement. In response, the Kuenzlis attempted to terminate Dennett's right to exercise the option by prepaying the remaining purchase price, including the $100,000 prepayment penalty, but this payment was refused by the escrow agent at Dennett's instruction. Dennett then tendered the amount required for exercise of the option and demanded that the Kuenzlis convey the property to him. The Kuenzlis refused. Consequently, Dennett brought an action seeking specific performance of the option agreement. The Kuenzlis counterclaimed requesting specific performance of the land sale contract or, alternatively, damages. Following a court trial, the district court granted judgment to Dennett and ordered that the Kuenzlis perform pursuant to the terms of the option agreement.

*Dennett v. Kuenzli*, 130 Idaho 21, 24, 936 P.2d 219, 222 (1997) (*Dennett I*). The Court of Appeals affirmed the district court's specific performance award. *See id.* at 32, 936 P.2d at 230. Dennett took possession of the property on May 15, 1997, and an escrow contract was signed by the Kuenzlis on June 10, 1997.

**B. Procedural Background**

On December 9, 1996, while the *Dennett I* appeal was pending, Dennett filed a complaint in Ada County Case No. CV OC 9606535D (*Dennett II*). In *Dennett II*, Dennett alleged that the Kuenzlis wrongfully retained possession of the property by refusing

to honor the option agreement and that Dennett was entitled to damages for the Kuenzlis' wrongful possession. In the summer of 1997, after the Court of Appeals had released its decision, Dennett filed three new motions in *Dennett I*. The motions requested the following: that the district court consolidate *Dennett I* with *Dennett II*; that the district court clarify the *Dennett I* judgment; and that the district court allow Dennett to amend the *Dennett I* complaint to include a claim for damages. The district court denied all three post-appeal motions in orders issued on August 4 and September 10, 1997.

On November 10, 1997, the district court in *Dennett II* granted summary judgment in favor of the Kuenzlis, ruling that Dennett's claim for damages was barred by the doctrine of *res judicata*. On January 23, 1998, the district court entered a final judgment and an order granting attorney fees and costs to the Kuenzlis.

Dennett appealed. The appeal was eventually consolidated by order of this Court with Docket No. 24788 for purposes of briefing and oral argument.

## II.

### ISSUES ON APPEAL

Dennett presents the following issues on appeal:

A. Whether the district court erred in denying Dennett's motion to consolidate *Dennett I* with *Dennett II*.

B. Whether the district court abused its discretion in denying Dennett's motion to amend the complaint.

C. Whether the district court erred in concluding it lacked jurisdiction to amend its judgment.

D. Whether the district court erred in its amended judgment by awarding attorney fees and costs to the Kuenzlis in *Dennett II*.

In their cross appeal, the Kuenzlis raise the following issue:

E. Whether the district court erred in denying the Kuenzlis' motion and memorandum in support of attorney

fees and costs after the Kuenzlis prevailed on all post-remittitur motions filed by Dennett in *Dennett I*

## III.

### STANDARD OF REVIEW

■ In an appeal from an order granting summary judgment, this Court's standard of review is the same standard used by the district court in ruling on a motion for summary judgment. *See, e.g., First Security Bank v. Murphy*, 131 Idaho 787, 790, 964 P.2d 654, 657 (1998); *Richards v. Idaho State Tax Comm'n*, 131 Idaho 476, 478, 959 P.2d 457, 459 (1998). Summary judgment is appropriate only when the pleadings, depositions, affidavits and admissions on file show that there is no genuine issue of material fact and the movant is entitled to judgment as a matter of law. *See Murphy*, 131 Idaho at 790, 964 P.2d at 657.

## IV.

### ANALYSIS

#### A. Dennett Has Effectively Stipulated To The Dismissal Of This Appeal

■ Dennett states in his opening brief: "It is imperative for the Court to understand that in these appeals Dennett does not seek both money damages for unjust enrichment *and* a Court ruling determining that land payments should commence in 1998. Dennett is entitled to one or the other." (emphsis in original). In *U.S. Bank v. Kuenzli*, 134 Idaho 222, 999 P.2d 877 (2000), we held that Dennett was entitled to $99,183.25, certain funds interpled by U.S. Bank, because Dennett was not obligated to make annual land payments until 1998, the year after the Kuenzlis were compelled to finalize the sale under the option agreement. Since Dennett obtained one of the alternative remedies which he sought, we hold that he has effectively stipulated to the dismissal of his appeal in this case. We therefore dismiss Dennett's appeal and affirm the district court's grant of summary judgment.

#### B. The District Court Did Not Err In Denying Kuenzlis' Motion And Memorandum In Support Of Attorney Fees And Costs After The Kuenzlis Prevailed On All Post–Appeal Motions Filed By Dennett In *Dennett I*

The Kuenzlis argue that they are entitled to attorney fees in *Dennett I*, at trial and on appeal, pursuant to I.C. § 12–120(3). The district court denied the Kuenzlis' motion to recover attorney fees for successfully defending Dennett's post-appeal motions, all of which were denied. The district court ruled that while the Kuenzlis were successful in defeating the motions, Dennett remained the overall prevailing party in *Dennett I*. The Kuenzlis contend that the district court erred in ruling that Dennett was the prevailing party.

■ The trial court's determination of the prevailing party in the context of claims for attorney fees is reviewed under an abuse of discretion standard, and will not be disturbed on appeal absent an abuse of that discretion. *See Collins v. Jones*, 131 Idaho 556, 559, 961 P.2d 647, 650 (1998). Considering the mixed result in *Dennett I*, in which Dennett was granted specific performance but was denied the relief sought in each of his post-appeal motions, we hold that the district court did not abuse its discretion in ruling that Dennett was the overall prevailing party.

## V.

### CONCLUSION

This Court holds that Dennett, having prevailed in Docket No. 24788, has effectively stipulated to the dismissal of his appeal in these consolidated cases. In the Kuenzlis' cross appeal, we hold that the district court did not err in declining to award attorney fees to the Kuenzlis in the post-appeal proceedings in *Dennett I*. Because of the mixed result, no costs or fees are awarded to either party.

Chief Justice TROUT and Justices SCHROEDER, WALTERS, and KIDWELL, concur.